## RICHARDSON v. SHATTUCK.

Opinion delivered February 25, 1893.

*Usury—Furnishing abstract of title.*

> A loan bearing the highest legal rate of interest, secured by a mortgage of land, is not usurious because made upon condition that the borrower should, in addition, furnish an abstract of title of the land and a certificate that it is not incumbered, that he should have it inspected and valued by a competent person, and that he should pay the fee for having the mortgage recorded.

Appeal from Yell Circuit Court in Chancery, Dardanelle District.

JEREMIAH G. WALLACE, Judge.

STATEMENT BY THE COURT.

Shattuck, as trustee, and the British-American Mortgage Company brought suit to foreclose a mortgage against Richardson and Harrington, alleging that the mortgage company had lent Harrington $700, and that Richardson was in possession of the land mortgaged.

The defendant, Richardson, answered, admitting that he was in possession by virtue of a conveyance from Harrington. He admits the execution of the notes and mortgages sued on, and avers that the consideration was $675 instead of $700. That the notes and mortgage are usurious and void, because the plaintiffs entered into a corrupt agreement with Harrington to take more than ten per cent. for the use of the money for the time it was loaned, and did take $25 more than ten per cent. interest, and only gave said Harrington $675, and took from him notes for $700, and charged him interest on $700, thereby taking more than ten per cent. on the amount loaned. The defendant made his answer a cross complaint, and prayed that the mortgage be cancelled as a cloud upon his title.

The circuit court sitting in chancery found that the plea of usury was not sustained, and rendered a decree for the foreclosure of the mortgage.

It appears that the British-American Mortgage Company is a corporation organized for the purpose of loaning money on mortgage security, and has an office in the city of New York; that Shattuck & Hoffman are brokers in the city of New Orleans, a part of whose business is to negotiate loans for borrowers and lenders of money; that F. M. Harrington, desiring to secure a loan of seven hundred dollars, applied to J. B. Crownover, a lawyer in Dardanelle, Arkansas, to aid him in securing a loan of the sum desired; that Crownover, who was a broker acting in good faith engaged in procuring loans for borrowers wherever he could, undertook to procure the loan for him, and informed him that he would have to pay for having the land he proposed to mortgage to secure the loan inspected, and would also have to pay for an abstract of title to the land and for procuring the evidences of its freedom from incumbrance, and pay the fees for recording the mortgage, amounting in the aggregate to $25, to which Harrington agreed in writing, by which he stipulated that he had employed Crownover as his agent to secure the loan for him.

Crownover prepared the application for the loan and the abstract and other papers and forwarded them to Shattuck & Hoffman, at New Orleans. They made application to the British-American Mortgage Company for a loan of $700, which was made by that company, as it appears, upon papers as prepared by Crownover, and paid to Shattuck and Hoffman for Harrington the full amount of seven hundred dollars, who paid the same to Harrington upon his draft upon them. Harrington then paid Crownover for his services $15; and for recording the mortgage $3.50 and for some certificates, etc., as to the freedom of the lands mortgaged from encumbrances

$1.50, in the aggregate $20. The notes given for the loan, secured by the mortgage, were for seven hundred dollars, to bear interest at the rate of ten per centum per annum from their date till paid, being the highest constitutional rate of interest that can be lawfully contracted for under the constitution and statutes of this State.

Before there was an application made for the loan, but in contemplation of it, M. C. Black, a merchant at Dardanelle, was employed by Harrington to inspect his land and report as to its value, upon the suggestion made by Crownover to Harrington that he should procure Black to inspect it. For this service Harrington paid Black five dollars.

There is no proof that Harrington paid Shattuck & Hoffman or the mortgage company, or contracted to pay either of them, anything save the principal of the loan and interest thereon as stated at the rate of ten per centum per annum from the date of the notes given for the amount loaned until paid. On the contrary, the proof tends to show that neither Shattuck & Hoffman nor the British-American Mortgage Company ever received any part of what was paid to Crownover by Harrington. Nor is there any proof that Crownover was the agent of the mortgage company, or that it had ever had any correspondence or connection with or knew of the existence of Crownover. On the contrary, it appears that Crownover was not the agent of the mortgage company; that it had had no correspondence with him; had no contract nor relation with him; had paid him nothing, and had received nothing from him. It also appears from the evidence that Crownover was not the agent of Shattuck & Hoffman, that they had no arrangement with him to secure this loan, that they paid him nothing and received nothing from him; that they were paid for their services by the mortgage company.

It does not appear that Black acted as the agent of or for any one save Harrington in inspecting the land of Harrington, which was afterwards mortgaged, and Harrington paid him for his services before the loan was effected.

It seems from the evidence that the services rendered by Crownover and Black were rendered at the instance and for the benefit of Harrington alone, and not for the mortgage company, who made it a condition precedent to making loans that there should be presented with the borrower's application for the loan a description of the property proposed to be mortgaged, a report as to its value by some one who had inspected it and upon whose judgment they were willing to rely, and an abstract of the title, and that they should have a first lien on unincumbered property.

By the evidence on the part of the mortgage company, it is shown that having money of its own, and others, which it had borrowed, to lend, and knowing that it would have more applications from borrowers made through brokers than it could accept, it did not advertise its business, had no agents, and furnished no forms for applications to it for loans. It also appears from the evidence that the application for the loan in this case by Harrington was made to Shattuck & Hoffman, and that the contract of Harrington to pay Crownover for services was not forwarded to the mortgage company, and that they had not authorized or requested such a contract, and knew nothing of it, or of the payment by Harrington to Crownover of the sum which he did pay him.

*W. D. Jacoway* for appellants.

The facts as evidenced by the testimony establish a usurious loan. 25 Ark. 258; *ib.* 191; 36 *id.* 248; 41 *id.* 339. It is not the borrower's duty to record the

mortgage or pay for the abstract of title. 55 Ark. 272 and cases cited. If the agent receive from the borrower a bonus in excess of the highest lawful rate of interest, with the principal's knowledge, or under circumstances from which the law will presume knowledge, the transaction is usurious. 51 Ark. 545 and cases cited; 54 *id*. 40.

*J. B. Crownover* for appellees.

The sole question in this case is whether the lender can be charged with a reasonable sum paid by the borrower to another party for his abstract of title and for furnishing the evidence of the value of his lands. None of these charges went to the lenders, and they had no knowledge of them. See 51 Ark. 544; *ib*. 549. The charges in this case were all for the benefit of the borrower, and were all paid to the agent of the borrower for services rendered him. 18 Ark. 456; 10 Paige, 94; 17 Ala. 774; 6 Munf. 433; 8 Conn. 513; 19 Johns. 160; 54 Ind. 380; 13 How. 151; 17 Wis. 157; 38 N. Y. 281; 48 Ga. 9; 30 N. J. Eq. 543; 19 Hun, 227; 55 Iowa, 555; 2 Day, 483; 2 Conn. 341; 103 Ill. 362; 49 N. W. Rep. 55; 14 Vt. 7, and many others.

HUGHES, J., (after stating the facts as above reported). It appears from the evidence in the case that neither Crownover nor Black acted as the agent of the British-American Mortgage Company, the lender, in any transaction connected with the loan it made to Harrington, but they were employed by and acted as the agents of Harrington alone in what they did in connection with it. Therefore what Harrington paid them for their services could in no sense be a part of what was paid for interest on the money loaned or for the use of the money. What they were paid was paid upon a contract and consideration independent of and in no manner connected with the contract to pay interest on the money

loaned to Harrington by the mortgage company, nor was it a bonus paid to the company, or its agents, in addition to the interest stipulated for in the contract of loan.

In the case of *Baird* v. *Millwood*, 51 Ark. 548, the broker, who negotiated the loan for the borrower, reserved twelve dollars out of the sum loaned for his services, and also the fees for acknowledgment and recording of the mortgage, and it was held that the transaction was not usurious, though the mortgage was given to secure the payment of the principal sum loaned and ten per centum per annum interest thereon from the date of the loan till paid. See *Vahlberg* v. *Keaton*, 51 Ark. 534.

Let the decree be affirmed.