BROWN *v.* FRETZ.

4-3506

Opinion delivered June 25, 1934.

*W. C. Benton,* for appellant.

KIRBY, J. Appellant brought this suit to foreclose two mortgages given him by appellee. One mortgage secured a note dated December 31, 1931, for $135 executed by appellee to appellant's order. The other secured a note dated January 8, 1932, for $672.27, also executed by appellee to appellant's order. An answer was filed which alleged that each note was usurious and void for that reason.

The court found there was no usury in the note first mentioned and decreed the foreclosure of the mortgage which secured it. It was found and decreed, however, that

the second note was usurious and void for that reason, and this appeal has been prosecuted to reverse that decree. No appeal was prosecuted from the decree ordering the foreclosure of the mortgage securing the note first mentioned.

Appellee testified that he borrowed $607.97 from appellant, from which a recording fee of $4.50 was deducted, and that appellant charged him $64.33 for making the loan, which was evidenced by the note for $672.27, and that this note bore interest at ten per cent. per annum from date until paid.

Appellee's testimony makes a case of usury, but it is categorically denied by appellant. Appellee testified that he received only $607.97, from which the $4.50 recording fee was deducted. This fee of $4.50 cannot be considered in determining whether the loan was usurious, for, although it was not paid to the borrower, it was paid out for his benefit. This was a charge which appellee agreed to pay and must be regarded as a part of the money which he received.

The purpose of the loan here under review was to pay and satisfy a judgment which had been recovered against appellee, and to redeem his land from sales for taxes. Appellee itemized the payments which appellant made for his account. These, including an abstract of the title, which cost $26, totaled only $607.97, and appellee denied that any other sum had been paid out for his account or benefit.

Appellant testified that he was not in the loan business, and had never taken but three mortgages in his life. That appellee applied to him to make the loan, and urged that it be made to save his farm. He was offered a bonus to make the loan, but declined to accept it and took a note only for the actual amount that he had paid out at appellee's request and for his benefit. Appellant mentioned two items which appellee at first denied receiving. One of these was evidenced by a check to the county treasurer for $15.55, and another was a check to the sheriff for $8.52. Upon being recalled, appellee admitted the correctness of these items, which reduced the bonus which

he claimed to have paid for the loan by the amount of the two items. The loan was, according to appellee, still usurious notwithstanding these deductions.

Appellant testified that, after he agreed to make the loan, he directed J. W. Martin to prepare the abstract, to ascertain the amount of money which appellee required, and to prepare the necessary papers, and that he paid the sum which Martin told him would be required, and that the note was taken for the aggregate payments which he made, and for nothing more.

Martin testified that appellant and appellee came to his home and told him that appellee had some land which was about to be sold under an execution, and that appellant was going to loan appellee ''some money to clear up his indebtedness.'' It was not then known what sum would be required, but Martin was directed to obtain this information and to prepare the papers. It was quite a job to do this and took Martin about two days to do so. Martin further testified: ''We didn't know how much it would take to take up this indebtedness. I prepared the abstract and looked up the judgment and got the taxes on other lands besides this land and got everything up, and we came to the courthouse and Mr. Brown issued his checks to cover these different items. I drew the mortgage and Mr. Brown paid for that. Q. These items had been arrived at by you and Mr. Fretz? A. Yes, sir, and the other officials around the courthouse.''

We conclude therefore that the transaction was not usurious, but, if so, there was no intention to charge usury. It was held in the case of *Leonhard* v. *Flood,* 68 Ark. 162, 56 S. W. 781, that usury will not be inferred where from the circumstances the opposite conclusion can be fairly and reasonably reached, and we think the conclusion that appellant did not intend to charge usury may be fairly and reasonably reached.

It was also held in the case of *Richardson* v. *Shattuck,* 57 Ark. 347, 21 S. W. 478, to quote the headnote, that: ''A loan bearing the highest legal rate of interest, secured by a mortgage of land, is not usurious because made upon condition that the borrower should, in addition, furnish

an abstract of title of the land and a certificate that it is not incumbered, that he should have it inspected and valued by a competent person, and that he should pay the fee for having the mortgage recorded.''

The charge of such expenses as preparing the abtract and recording the mortgage cannot therefore be deducted in determining the actual amount of the loan. It follows, from what we have said, that the decree of the court below is erroneous, and it will be reversed, and the cause will be remanded with directions to enter a decree conforming to this opinion. It is so ordered.