LYTTLE v. MATHEWS INVESTMENT COMPANY, INC.

4-4544

Opinion delivered March 22, 1937.

*J. H. A. Baker* and *Linus A. Williams,* for appellant.
*Robert Bailey,* for appellee.
*J. M. Smallwood, amicus curiae.*

HUMPHREYS, J. On the 26th day of February, 1930, appellant, Z. V. Lyttle, executed his bond or note for $2,500 to appellee, Mathews Investment Company, Inc., and executed a deed of trust to secure same on certain real estate in John T. Torrence addition to the city of Russellville, Arkansas. The note provided for liquidation of both principal and interest by monthly payments of $41.25 for 84 consecutive months and parenthetically stated that same "is made up of the sum of $22.50 as installments of principal and $18.75 as installments of interest upon said loan." It was provided that appellant might repay the loan at any time upon sixty days' written notice to appellee upon the basis of settlement computed as follows:

"The principal debt with interest thereon at the rate of ten per cent. per annum, and allowing credit in accordance with the rule or law of partial payments for all monthly installments paid * * *, computed in accordance with the laws of the state of Arkansas."

It also provided that:

"In this obligation in the final settlement at maturity the basis shall be the principal debt with interest thereon at the rate of ten per cent. per annum, with credit in accordance with the rule or law of partial payments for all monthly installments paid * * *, computed in accordance with the laws of the state of Arkansas."

It also provided: "That any amount advanced by the company for taxes, assessments, insurance premiums, and charges that may accrue against said premises shall in like manner bear interest at the rate of ten per cent. per annum and shall be accounted for and paid in final

settlement and shall be a part of the debt and secured by the conveyance given to secure this obligation.''

It also provided: ''That the nonpayment of three installments of principal and interest after the same shall fall due shall authorize the company to proceed to enforce the payment of the loan, together with the interest due thereon, and amounts for taxes, insurance or other charges advanced by it for the benefit of the property conveyed to secure this obligation the amount due to be ascertained as follows: The principal debt with interest thereon at the rate of ten per cent. per annum, and allowing credit in accordance with the rule or law of partial payments for all monthly installments paid * * *, computed in accordance with the laws of the state of Arkansas.''

The note and mortgage were executed in order to raise money with which to pay a prior mortgage on the property to the American Building & Loan Company of Little Rock, and to pay for improvements being made by appellant thereon.

Appellant paid a few of the monthly installments and made default in all payments thereafter and also failed to pay taxes, insurance premiums, etc., on the property.

On the 26th day of August, 1932, appellee brought suit in the chancery court of Pope county to recover judgment against appellant for the amount due and to foreclose its lien on the property given to secure the debt.

Appellant filed an answer interposing the defense of usury, alleging that the contract provided for a greater rate of interest than ten per cent. per annum on its face and usurious for the further reason that appellee paid appellant less than $2,500, for which amount the note and mortgage were executed and prayed for a cancellation of the mortgage as a cloud upon the title of said property and that the suit be dismissed.

The cause was heard by John E. Chambers on the 25th day of March, 1936, on exchange of circuits with the regular chancellor, who was disqualified to try the case, resulting in a judgment in favor of appellee for

$3,482.94, and a decree of foreclosure against the property to pay same, from which is this appeal.

The trial court found that appellant received the benefit of the face of the note or $2,500 as per the following statement:

| | |
|---|---:|
| Inspection fee for loan, being 1½ per cent. of loan $ | 37.50 |
| Attorney's fee for examining abstract | 10.00 |
| Recording mortgage | 2.50 |
| Recording release deed from American Building & Loan Assn. | 1.25 |
| Abstracter bringing abstract down to date | 6.25 |
| The first monthly payment | 41.25 |
| Check to the building and loan company | 1,276.83 |
| Fire insurance policy | 9.50 |
| Check to Z. V. Lyttle | 100.00 |
| P. E. Reid | 176.00 |
| Gardner Bros. & Co. | 27.50 |
| Pate Reed | 176.00 |
| M. C. Hickman | 63.01 |
| Ark-Mo Lumber Co. | 344.15 |
| M. C. Hickman | 21.75 |
| P. C. Davis | 25.50 |
| J. R. Battenfield | 25.50 |
| April 25th, second payment on loan | 41.25 |
| May 2nd, M. Villyard | 205.00 |
| Check to Ark-Mo Lbr. Co. | 85.00 |
| Remainder on hand, credit on loan | .26 |
| | $2,500.00 |

As stated above, improvements were being made on the property when the loan was made and, according to the weight of the evidence, most of the payments were made for the improvements and to clear the property of the prior mortgage by and with the consent of appellant. The other payments covered expenses incident to the loan. All reasonable expenses incident to the loan may be charged against the amount loaned and deducted therefrom without rendering the contract usurious. *Matthews* v. *Georgia State Savings Association*, 132 Ark.

219, 200 S. W. 130, 21 A. L. R. 789; *Brown* v. *Fretz*, 189 Ark. 411, 72 S. W. (2d) 765. Appellant argues that the charge of 1½ per cent. on the face of the loan for inspection is unreasonable and should not have been deducted from the loan. We cannot say that the finding of the trial court that the charge for inspection of $37.50 was reasonable was contrary to the weight of the evidence. We are unable to say that the amount itself is so large that as a matter of law it is unreasonable. The evidence does not reflect the extent of the examination of the property nor of the elements entered into the valuation placed upon same nor the time required to examine and appraise it. To ascertain the value of buildings may require expert knowledge and considerable time.

The main question involved on this appeal is whether the contract is usurious on its face. Our construction of the contract is that the loan of $2,500, both principal and interest, was to be paid in full by the payment of $41.25 monthly for 84 consecutive months. In other words, the total amount to be paid in cash was $3,465, and it would require $2,500 of this amount to liquidate the principal, leaving only $965 with which to liquidate the interest. This conclusively shows that the proportionate amounts to be credited to the payment of the principal and interest under the parenthetical clause contained in the contract was a clerical error. We, therefore, eliminate that clause in construing the contract. Treating the contract as meaning that the entire loan was to be repaid by partial monthly payments of $41.25 in 84 months, it becomes a question of mathematics as to whether more than ten per cent. per annum was contracted for. Had the loan for seven years (84 months) for $2,500 been a straight ten per cent. loan, interest payable annually, in order to liquidate the principal and interest the borrower would have been compelled to pay a total amount of $4,250, whereas, to liquidate this loan he only had to pay a total of $3,465, had he complied with the contract, or he would have been compelled to pay $1,750 in interest as compared with $965 he was required to pay in interest under this contract had he lived up to it.

A number of expert accountants testified in this case as to whether "A loan for twenty-five hundred ($2,500) dollars, payable in eighty-four monthly installments of forty-one and 25/100 ($41.25) dollars, each was usurious." They differed, some testifying that it was usurious and others that it was not, dependent largely upon the method used in making the calculations.

Section 7358 of Crawford & Moses' Digest provides the method by which to make the calculations in loans that are repaid by making partial payments thereon, which is as follows: "In calculating interest, where partial payments may have been made, the interest shall be calculated to the time when the first payment shall have been made, and such payment shall be applied to the payment of such interest; and if such payment exceed the interest, the balance shall be applied to diminish the principal, and the same course shall be observed in all subsequent payments; but in no case when a payment shall fall short of paying the interest due at the time of making such payment shall the balance of such interest be added to the principal."

It will be observed in the instant case each partial payment contracted for amounted to more than the interest due for one month on the principal because the partial payments provided for were sufficient to liquidate both principal and interest in 84 months. The statute is, therefore, applicable to this contract to ascertain whether more than ten per cent. per annum was contracted for. The proper method to make the calculation under the statute is to figure the interest on a ten per cent. basis on the principal sum of $2,500 up to the date of the first partial payment, add the interest to the principal and deduct from the total the amount of the partial payment. Then figure ten per cent. interest for a month on the balance, add it to the balance, and from the total deduct the next partial payment which would show the balance due at the expiration of the second month. Then follow that procedure for each of the following months until the 84 installments should have been paid. We have made the calculation according to this rule and find that

after the 84 installments should have been paid it would leave a balance due on the principal of $30.85. This is what would have been due on a ten per cent. basis at the expiration of 84 months, but since the contract in this case provided that both principal and interest should be fully paid by paying 84 payments of $41.25 each, it is apparent that the contract did not provide for quite ten per cent. interest per annum covering the whole period of time. Other provisions in the contract which have been set out above provide that in no event shall more than ten per cent. per annum be paid upon the contract, all of which clearly indicate that the intent of the parties was that no more than ten per cent. per annum was to be paid as interest upon the principal of the loan. It may be added for the benefit of those who are not familiar with the usury laws of Arkansas that under the laws of this state lenders may charge ten per cent. per annum for the use of their money, but no more, else the contract will be usurious and neither principal nor interest can be collected.

No error appearing, the decree is affirmed.