FRANK LOCKHART *v.* GENERAL MOTORS ACCEPTANCE CORPORATION

5-5922                                          481 S.W. 2d 350

Opinion delivered June 19, 1972

*Lloyd R. Haynes,* for appellant.

*Barber, Henry, Thurman, McCaskill & Amsler,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant contends that the court erred in holding that his installment sales contract with appellee was not void for usury. We find no error.

Appellant Lockhart purchased an automobile from Bale Chevrolet Company and executed his installment note and contract payable to GMAC. He obligated himself therein to pay the principal balance of the purchase price, $127 for property damage insurance coverage and finance charges equivalent to a full 10% per annum interest. The contract provided that in case the insurance on the vehicle was refused, GMAC could use the insurance premiums and purchase single interest insurance coverage, or could purchase such insurance at appellant's expense, with interest. Appellant's insurance was obtained but canceled about one month later, and he requested the return of the premium, after he was notified of the cancellation. His request was denied, and GMAC purchased single interest coverage, protecting itself only, and notified appellant that his payments were increased to cover the additional cost of the insurance. Lockhart then brought this suit to cancel the contract.

It was stipulated that appellee purchased the insurance only after it had made requests that Lockhart purchase other insurance. The cost of the new insurance was slightly in excess of the premium refund.

Appellant contends that the new insurance inured to the benefit of appellee only and that the agreement of

appellant to pay for such insurance was the seed of usury which germinated when appellee used appellant's funds for its own purposes. There is nothing to indicate that appellee had any security for the payment of the balance due it other than the automobile. Destruction of, or serious damage to, the vehicle would have deprived appellee of security for the debt. Not every charge made to the borrower which benefits the lender will render a transaction usurious simply because the interest rate is a full 10%, particularly if the charge is reasonable, is made in good faith and is reimbursement for a payment to a third person for something appropriate to establishing or protecting of the lender's security. For instance, we have recognized the propriety of such charges as property inspection fees, expense of an abstract of title, title examination fees, insurance premiums paid a third party, recording fees, expense of obtaining a release of a prior lien, and title insurance premiums. *Winston* v. *Personal Fianace Company of Pine Bluff, Inc.*, 220 Ark. 580, 249 S.W. 2d 315; *Ragge* v. *Bryan, Receiver*, 249 Ark. 164, 458 S.W. 2d 403; *Harris* v. *Guaranty Financial Corporation*, 244 Ark. 218, 424 S.W. 2d 355; *United-Bilt Homes* v. *Teague*, 245 Ark. 132, 432 S.W. 2d 1.

Of course, a different problem would be presented if there were any indication that the lender received anything of value over and above the actual expense of the particular item and the transaction was a cloak or a device for evasion of the usury statute. Since there is no such indication, the decree will be affirmed.