**R. C. BUCKNER et al., Appellants,**

v.

**ANDERSON–DUNHAM, INC., Appellee.**

No. 4549.

Court of Civil Appeals of Texas, Eastland.

June 23, 1972.

Rehearing Denied July 14, 1972.

Stone & Stone (W. Emerson Stone, Jr.), Jacksonville, for appellants.

Allen, Feigl & Noah (W. R. Allen), Richardson, Aalon W. Ferguson, Dallas, for appellee.

COLLINGS, Justice.

Anderson-Dunham, Inc. brought suit against R. C. Buckner, A. K. Gillis & Sons, National Automobile and Casualty, Inc., and Seaboard Surety Company seeking judgment against the defendants jointly and severally for the sum of $4,214.99 and for attorneys' fees and interest. The suit was brought under the terms of the McGregor Act, Article 5160, subd. B(b), Vernon's Ann.Tex.Civ.St. Plaintiff alleged that it is a Louisiana corporation which supplied, sold and delivered to Red-E-Mix, Inc. sand and gravel in tonnage quantities which the purchaser used to pro-

duce concrete which it furnished to the defendants, R. C. Buckner and A. K. Gillis & Sons. The defendant Buckner was as to Red-E-Mix, Inc. the prime contractor, and the sub-contract with Red-E-Mix, Inc. to furnish concrete used in the construction of the project was oral. R. C. Buckner after September 30, 1969, paid Red-E-Mix, Inc. $11,453.40 for 530.25 cubic yards of concrete.

Plaintiff's suit against the defendants was to recover for sand and gravel furnished to Red-E-Mix, Inc. for the months of October and November, 1969, at the rate of $3.70 per ton for sand and $4.14 per ton for gravel. Plaintiff alleged deliveries as follows:

"To Red-E-Mix, Inc.

|  | Sand | Gravel |
|---|---|---|
| October | 410.37 tons | 753.18 tons |
| November | 223.03 tons | 326.60 tons |

that Red-E-Mix, Inc. delivered from these raw quantities concrete that contained the following:

|  | Sand | Gravel |
|---|---|---|
| October | 229.06 tons | 468.82 tons |
| November | 223.61 tons | 350.55 tons." |

The trial court found that the defendants failed to plead or prove that the plaintiff had no direct contractual relationship with the defendants, and that the defendants thereby waived the notice requirements of Subsection B(b) of Article 5160, and rendered judgment for the plaintiff against the defendants jointly and severally for the sum of $5,235.08 and for costs of suit and attorneys' fees. The defendants have appealed.

The question before this Court is the sufficiency of the notice to appellants given by the second tier supplier, the plaintiff, to the prime contractor.

The defendants did not and do not on appeal disagree with the facts as above set out, but do assert that plaintiff was never paid for any of the sand and gravel delivered to Red-E-Mix, Inc. during the months of October and November, 1969. Defendants further assert that plaintiff acting through its agent, W. R. Allen, on January 15, 1970, placed in the United States Post Office at Richardson, Texas, properly addressed and marked as postage paid certified mail, a notice to each of the defendants of its claim herein sued upon, which notices were received by defendants in due course of mail after that date.

Article 5160, V.A.T.S., sometimes referred to as the McGregor Act, as to notices required for unpaid bills provides in part as follows:

"(3) When a claimant who is a subcontractor or materialman to the prime contractor or to a subcontractor has a written unit price agreement, completed or partially completed, such notices shall be sufficient if such claimant shall attach to his sworn statement of account a list of units and unit prices as fixed by said contract and a statement of such units completed and of such units partially completed.

(b) Additional Notices Required of Claimants Who Do Not Have a Direct Contractual Relationship With the Prime Contractor.

Excepting an individual mechanic or laborer who is a claimant for wages, no right of action shall be legally enforceable, nor shall any suit be maintained under any provision of this Act by a claimant not having a direct contractual relationship with any prime contractor for material furnished or labor performed under the provisions of this Act unless such claimant has complied with those of the following additional requirements which are applicable to the claim:

(1) If any agreements exist between the claimant and any subcontractors by which payments are not to be made in full therefor in the month next following each month in which the labor was performed or the materials were delivered or both, such claimant shall have given written notice by certified or registered mail addressed to the prime contractor at

**352**

his last known business address, or at his residence, within thirty-six (36) days after the 10th day of the month next following the commencement of the delivery of materials or the performance of labor that there has been agreed upon between the claimant and such subcontractors such retention of funds. Such notice shall indicate generally the nature of such retainage.

(2) Such Claimant shall have given written notice by certified or registered mail as described in the preceding subparagraph B(b) (1) to the prime contractor within thirty-six (36) days after the 10th day of the month next following each month in which the labor was done or performed, in whole or in part, or material delivered, in whole or in part, that payment therefor has not been received. A copy of the statement sent to the subcontractor shall suffice as such notice."

The trial court found that appellee, Anderson-Dunham, Inc., fully complied with Article 5160. Appellant notes that under Subsection B(b) of that article it is required that appellants receive statutory notice within thirty-six (36) days following the 10th of the month, next following the delivery of materials to the subcontractor, Red-E-Mix, Inc. Appellant contends that for the October 1969 deliveries of sand and gravel, the notices should have been received by December 16, 1960; and that for the November, 1969 deliveries of sand and gravel, the notices should have been received by January 15, 1970. It is admitted that the statutory notice in the instant case was not mailed until January 15, 1970 and that such notice was received after that date in due course of mail. Appellants contend that appellee therefore failed to give notice as required by Subsection B(b) of Article 5160.

Appellee contends that since the notice was mailed by Appellee by certified mail on January 15, 1970 which was thirty-six (36) days after December 10, 1969, that this satisfies the literal requirement of the statute.

The general rule is stated in 66 C.J.S. Notice § 18, p. 664 as follows:

"By force of statute or by provision of contract, service may be effective when the notice is properly mailed, regardless of its receipt by the addressee . . . ."

In accordance with this rule, we hold that the subcontractor in the instant case gave notice on the thirty-sixth (36th) day of the thirty-six (36) day statutory period when notice of the surety was registered and mailed, and that the notice then became effective, and not as contended by appellants when it was received by appellants. Johnson Service Company v. Climate Control Contractors, Inc., 478 S.W.2d 643 (Tex. Civ.App.—Austin 1972).

The judgment is affirmed.