Gerald W. DILLON *v.*
RESOLUTION TRUST CORPORATION, as Conservator
for
Madison Guaranty Savings and Loan Association

90-334                                    811 S.W.2d 765

Supreme Court of Arkansas
Opinion delivered June 24, 1991

*Crockett & Brown, P.A.*, by: *Richard E. Worsham*, for appellant.

*Wetzel & Pruniski*, by: *Frederick S. Wetzel III*, for appellant.

WILLIAM I. PREWETT, Special Justice. On March 21, 1985, appellant Dillon executed a promissory note in the principal amount of $14,000 providing for 23 monthly payments of $161.53 plus a 24th payment of the principal amount of $14,000 plus $161.53. The stated interest rate was 13% per annum. Payments of $161.53 per month as provided in the note with the 24th payment being in the amount of the original principal plus the monthly stated amount is an interest charge of 13.84543% per annum at a time when the maximum legal rate was 13%. The trial court found the note to be usurious; the monthly payment of $161.53 was obviously intended in interest only. However, the trial court further found interest in excess of the maximum lawful rate had not been paid and awarded no relief for the usurious contract. Dillon has appealed from the refusal of the trial court to award relief.

We reverse and remand to the trial court for further proceedings in accordance with this opinion.

Although appellee does not admit the 1985 note is usurious, no serious argument is or can be raised with this decision by the trial court. The principal amount of the note was $14,000 at the time of its execution. The final and 24th payment provided for a balloon payment of $14,000 plus the monthly installment of $161.53. Subsequent to the filing of this litigation, appellee caused to be prepared a schedule whereby an amount equal to thirteen percent (13%) per annum was allocated to interest with the balance of the payment allocated to principal. The fallacy in this is threefold: (1) it directly conflicts with the specific payment provisions of the note; (2) the note provides for a "Finance Charge" of $3,876.50 (24 x 161.53); and (3) the principal allocations were not made during the term of the note. Dillon paid 23 installments, all of which were interest under the terms of the note. The issue in this appeal is whether interest in excess of the maximum lawful rate was paid by appellant. Article 19, § 13 of the Arkansas Constitution provides: "A person who has paid interest in excess of the maximum lawful rate may recover, within the time provided by law, twice the amount of interest paid."

According to the payment history submitted by appellee, the first payment of $161.53 was made on April 16, 1985; interest at thirteen percent (13%) per annum to the date of the first payment was $129.64. As stated by the trial court, "the note did not contemplate or authorize the lender to allocate such payments in part to principal and in part to interest. . . . Defendant (appellant) correctly argues that interest payments of $161.53 exceed the maximum permissible rate of 13% per annum, and render the note usurious." We agree. The after-the-fact payment history presented by appellee credits the excess payment of $36.82 to principal, but under the terms of the note, the $36.82 was interest and appellant thereby paid interest at a rate in excess of the maximum lawful rate.

Appellee correctly states that findings of fact made by the trial court shall not be set aside unless clearly erroneous. The facts in this case are not in dispute. Terms of the note and dates of payments are admitted. It requires no expert testimony to compute the interest which would be owed at 13% per annum.

From the first payment, the interest paid was in excess of the maximum lawful rate. In *Brookshire* v. *Coffman*, 287 Ark. 112, 115, 696 S.W.2d 748, 750 (1985), this court stated, "[W]e will not countenance an attempt to evade our pre-Amendment 60 usury law through tricky, multiple transactions." Once it is determined that a charge of excess interest is made by the terms of the note, it is usurious. Subsequent unilateral action whereby the excess interest is called principal will not give new life to the usurious contract. The usurious nature of the 1985 note simply cannot be purged by the subsequent allocation of a part of the interest payment to principal. *Davidson* v. *Commercial Credit Equipment Corp.*, 255 Ark. 127, 499 S.W.2d 68 (1973).

The trial court, in holding no interest in excess of the maximum rate was paid, used the total dollars of $3,683.60 paid by appellant from the first payment of April 21, 1985, to the date of the Modification Agreement of September 23, 1987, and concluded that appellant had failed to pay any "excess interest" since 12% per annum on $14,000 for this period of time would be more than the sum of $3,683.60. The computation by appellee, however, shows that payments totaling $3,876.73 (including unilateral principal allocations) were made through March 24, 1987; accrued interest according to appellee's computation at that date was $3,716.74 (included interest on $1,151.00 from July 1, 1986, to October 17, 1986, for insurance purchased by appellee). By appellee's own computation, it received $159.99 more than the lawful interest. Amendment 60 becomes operative when interest is paid at a rate in excess of the maximum lawful rate.

Assuming all payments were made on the exact due date, appellee intended a "Finance Charge" of $3,876.50 when the maximum of 13% would be $3,640.00. During the first year, appellant made payments totaling $1,938.46; in its reconstruction, appellee calls $1,798.39 interest and allocates the difference of $140.09 to principal. However, under the terms of the note, this was not principal; it was interest. The test of whether the note is usurious is judged as of the time the note was made. *General Contract Corp.* v. *Duke*, 223 Ark. 938, 270 S.W.2d 918 (1954).

Amendment 60 amended Art. 19 § 13 of the Arkansas Constitution to specifically make the contract "void as to

unpaid interest;" thus the 1985 note was void (not voidable) from the beginning as to unpaid interest thereby making all interest paid unlawful. Recovery of twice the "amount of interest paid" is authorized provided the obligated person "has paid interest in excess of the maximum lawful rate." Amendment 60 does not limit the recovery to "excess" interest but provides that a person who has paid interest in excess of the maximum lawful rate may recover "the amount of interest paid." Appellant argues that the part of Amendment 60 "making it unlawful for any person to knowingly charge a rate of interest in excess of the maximum lawful rate" brings into effect the permissible recovery of interest; we do not consider the argument as it is not necessary to determine the meaning of this provision for this appeal. Nor is it necessary to decide what the effect would be if the total payments did not exceed the maximum lawful interest even though the appellee charged a rate in excess of the maximum lawful rate.

On September 23, 1987, Dillon executed a "Modification Agreement" to pay $14,543.75 at 11% interest per annum (the legal maximum) installments of $300 per month. In addition, he paid back interest on October 29, 1987, in the amount of $1,097.31, commenced the $300 per month installments on November 28, 1987, and last made a payment on April 11, 1988. This litigation then ensued.The 1987 Modification Agreement is not in itself usurious but is clearly a continuation of the 1985 note. The 1985 note is still in effect modified as to interest and payment amount by the 1987 Agreement. Usury is determined as of the inception and the subsequent modification will not purge the original vice.

Appellant paid interest in excess of the maximum lawful rate. We reverse the trial court's finding that no excess interest was paid and remand to the trial court for a determination of the amount appellant is entitled to recover. The trial court has not passed on the questions of whether appellant is entitled to recover all interest paid or only the "excess" interest nor has it addressed the application or lack of application of the double interest provision; accordingly, we leave these questions for the trial court.

We remand for further proceedings and assessments under Amendment 60 not inconsistent with this opinion.

Reversed and remanded.

BROWN, J., not participating.