The Honorable George Hopkins State Senator 78 Harver Hills Malvern, Arkansas 72104
Dear Senator Hopkins:
This is in response to your request for an opinion on the applicability of Arkansas usury law to loans originated for inclusion in "Farmer Mac Pools." Specifically, you note that this office has previously issued Op. Att'y Gen. 92-150 (see also Op. Nos. 92-235 and 93-246) which concluded that certain agricultural mortgages included in "Farmer Mac" pools are exempt from Arkansas usury law. You also indicate, however, that this opinion "did not answer the question whether Arkansas usury law applies to a mortgage loan prior to the loan being placed in the Pool." There are several situations, you note, beyond a bank's control which would preclude the loan from being placed in a pool after its origination, including borrower default prior to pooling, and a borrower usury suit prior to pooling. You indicate that the financial risks these situations present have made banks and "poolers" refrain from offering the benefits of the Farmer Mac program to Arkansas farmers. Your question with regard to these facts is whether Arkansas usury law applies to a mortgage loan prior to the loan being placed in a pool.
My research has disclosed no applicable case law or administrative interpretation of the question posed. Without such authority, reference must be had to the relevant federal statute alone. Title 12, § 2279aa-12(d) provides as follows:
 Any provision of the constitution or law of any State which expressly limits the rate or amount of interest, discount points, finance charges, or other charges that may be charged, taken, received or reserved by agricultural lenders or certified facilities shall not apply to any agricultural loan made by an originator or a certified facility in accordance with this subchapter that is included in a pool for which the Corporation has provided a guarantee.
This provision exempts loans "that [are] included in a pool for which the Corporation has provided a guarantee." The statute, on its face, appears to tie exemption from usury law to inclusion in a Farmer Mac pool. It does not discuss or appear to contemplate the practicality of preemption during the intervening period between the origination of a loan and its inclusion in a pool. It is difficult to conclude, therefore, based upon the language of the federal statute, that such loans are preempted prior to inclusion in a pool.
An argument can be made, however, that the effect of the federal statute must be to preempt local usury rates from the inception of the loan. In Arkansas it is this point, the time the contract is entered, which is the determinative moment in judging the usurious nature of a loan. Dillon v. Resolution TrustCorp., 306 Ark. 173, 177, 811 S.W.2d 765 (1991), (usury is determined as of the inception and subsequent modification will not purge the original vice). If the lawful rate of interest is not preempted at this point, it may be contended that the loan is usurious, and may not later be validated by federal preemption upon inclusion in a Farmer Mac pool. Under this analysis, if the rate is not preempted from the inception of the loan, the federal preemption statute can be given no effect in Arkansas, as any loan made in excess of the allowable Arkansas rate, whether later included in a pool or not, would be usurious. Rules of statutory construction provide that enactments should be construed under the assumption that Congress intended them to have meaningful effect and should, accordingly, be construed so as to give them such effect. Sutton v. U.S., 819 F.2d 1289 (5th Cir. 1987). This line of reasoning would therefore support a construction of the statute which would preempt local usury rates from the inception of the loan.
Again, however, the issue is one which is not addressed by any applicable interpretive law. In addition, the statutory enactment on its face may be subject to more than one construction. In light of these facts, an attempt to resolve the issue in an advisory Attorney General Opinion would be less than efficacious. The issue you have raised can only be meaningfully resolved by a court decision of precedential value. Without judicial, legislative or administrative clarification of this provision, I cannot reach a definitive conclusion with regard to the preemption of such loans prior to their inclusion in a Farmer Mac pool.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh