William and Roberta COOPRIDER *v.* SECURITY BANK

94-179                                          890 S.W.2d 240

Supreme Court of Arkansas
Opinion delivered December 19, 1994
[Rehearing denied January 23, 1995.*]

*Donald J. Adams*, for appellants.

*Walker, Campbell, Campbell & Crawford*, by: *Gail Inman Campbell*, for appellee.

STEELE HAYS, Justice. This is a usury case. William and Roberta Cooprider, prevailed on their claim below that they had been charged a usurious interest rate by Security Bank, appellee. However, the Chancellor assessed no penalties against the bank and the Coopriders appeal. We affirm the trial court.

---

*Roaf, J., not participating.

The loan in question was originally executed on April 21, 1989, for $78,500.00 and secured by real and personal property. The interest rate was 12%, the legal rate allowed at that time. One of the conditions for the loan obligated the Coopriders to purchase title insurance.

When the debt matured at the end of twelve months, the loan was renewed by a note executed on April 23, 1990, for $74,755.96, at 12% interest. The federal discount rate had been lowered by that time and the bank was unsure whether it could charge the 12% rate of the original loan, or was limited to the current rate of 10 1/2%.

The loan officer, Judith Meek, testified that Mr. Cooprider signed the renewal note but objected to the interest rate of 12%. According to Meek, because of the confusion on the rate, the bank decided to be cautious and lower the rate to 10 1/2%. She testified that Mr. Cooprider was never charged the 12% rate because the bank entered a 10 1/2 percent rate in its computer. As each payment was made, the computer deducted only the legal interest rate of 10 1/2 percent and applied the remainder of the payment to principal.

The Coopriders defaulted on the note and the bank brought suit. The Coopriders counterclaimed contending that under the usury provision of the Arkansas Constitution, art. 9, § 13, the charge for title insurance on the original note rendered the rate usurious and the rate on the renewal note was itself usurious. The chancellor held the title insurance premium did not render the loan usurious, but that the renewal note was usurious. However the chancellor declined to assess a penalty against the bank.

Appellants first argue the trial court erred in holding the title insurance factor did not render the note usurious. Payment of the premium went to Boone County Abstract Company and the charge for the premium was listed as one of the closing costs appellants were required to pay. Appellants claim the $215.00 charge must be added to the maximum rate of interest already charged, and when it is, the interest rate is usurious. We disagree.

The charge for title insurance or title examination (in earlier cases) has traditionally been considered one of several legitimate charges by a lender that are not treated as a cloak for usury. *Richardson* v. *Shattuck*, 57 Ark. 347, 21 S.W.2d 478 (1893)

(title examination); *Matthews* v. *Georgia State Savings Assn.*, 132 Ark. 219, 200 S.W. 30 (1918) (title examination); *Brown* v. *Fertz*, 189 Ark. 411, 72 S.W.2d 765 (1934) (title examination); *Winston* v. *Personal Finance Co.*, 220 Ark. 580, 249 S.W.2d 315 (1952) (title examination or insurance payments to third parties); *Harris* v. *Guaranty Financial Corp.*, 244 Ark. 218, 424 S.W.2d 355 (1968) (title insurance); *United-Bilt Homes* v. *Teague*, 245 Ark. 132, 432 S.W.2d 1 (1968) (title insurance); *Lockhart* v. *GMAC*, 252 Ark. 878, 482 S.W.2d 350 (1972) (title insurance); *Arkansas Farm Products* v. *Ford Motor Credit*, 267 Ark. 653, 590 S.W.2d 48 (1979) (title insurance); *Johnson* v. *Federal National Mortgage Assn.*, 271 Ark. 588, 609 S.W.2d 60 (1980) (title insurance).

■    These costs are not invariably excluded but have been traditionally upheld if they are reasonable, made in good faith and are paid to a third party for something appropriate to establishing or protecting the lender's security. *Lockhart* v. *GMAC, supra.* The burden of proof is upon the one asserting the defense of usury and the defense must be proved by clear and convincing evidence. *Johnson* v. *Federal National Mortgage, supra.*

■    Appellants have not met that burden of proof. There is no dispute that the premiums were paid to a third party, and no proof or argument was made below as to the reasonableness of the charge or the bank's good faith. The chancellor's ruling on this point is affirmed.

Second, appellants argue the chancellor erred by not imposing a penalty against the bank. The chancellor found the renewal note usurious because the terms of the loan agreement itself were usurious. Appellants rely on *Dillon* v. *Resolution Trust Corp.*, 306 Ark. 173, 811 S.W.2d 765 (1991). In *Dillon*, we said the test of whether the note is usurious is judged as of the time the note was made. Appellants earnestly insist that language must govern in this case. But, as always, it must be read in context, and in *Dillon* it is clear that by both the terms of the note and the allocation of payments made pursuant to the note, a usurious rate of interest was being collected from the borrower. That did not occur in this case.

The chancellor found the constitutional provision governing usury did not provide for a penalty in this case. That provision states:

All such contracts having a rate of interest in excess of the maximum lawful rate shall be void as to the unpaid interest. *A person who has paid interest in excess of the maximum lawful rate may recover, within the time provided by law, twice the amount of interest paid.* [Our emphasis.]

Article 9, § 13, Arkansas Constitution.

The appellants requested double recovery for the interest "paid" on the renewal note, i.e., as per the rate stated in the loan agreement. The chancellor disagreed and stated in his decree: "The evidence is clear that the only amount which was paid was in fact at the lawful rate." We believe that was correct.

The plain meaning of the language requires payment of excess interest in order to recover twice the amount paid. Here the bank applied appellants' payment to only the legal rate of interest and the remainder to the principal. Therefore no interest was paid in excess of the maximum rate.

Affirmed.

DUDLEY, J., concurs.