Cynthia ALMOND *v.* CIGNA PROPERTY and CASUALTY INSURANCE COMPANY

94-926                                                    908 S.W.2d 93

Supreme Court of Arkansas
Opinion delivered October 30, 1995

*Gary Eubanks & Associates*, by: *William Gary Holt* and *J. Gerard Schulze*, for appellant.

*Friday, Eldredge & Clark*, by: *David D. Wilson*, for appellee.

DAVID NEWBERN, Justice. 50-Off Stores, Inc. (50-Off), operates a retail store in which Cynthia Almond slipped, fell, and was injured. 50-Off is the named insured in a policy issued by Cigna Property and Casualty Insurance Company (Cigna). Coverage "A" of the policy insures 50-Off against liability claims resulting from its negligence. Coverage "C" reads, in part, as follows:

> a. We will pay the medical expenses as described below for "bodily injury" caused by an accident:
>
> (1) On premises you own or rent;
>
> * * *
>
> b. We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance.
>
> * * *

Ms. Almond sued 50-Off in Monroe Circuit Court and recovered a judgment in the amount of $6,060. She also filed a claim with Cigna under coverage "C." In response to the latter claim, Cigna paid Ms. Almond $1,328.25. Ms. Almond brought this action in Pulaski Circuit Court directly against Cigna, claiming her medical payments were in excess of the $5,000 policy limit under coverage "C" and thus Cigna owed her more than the amount paid. She argued she had standing to sue Cigna because she was a third party beneficiary of the insurance contract between 50-Off and Cigna.

The Trial Court entered summary judgment in Cigna's favor, ruling that Ms. Almond was no more than an incidental beneficiary of the policy. Among its responses to Ms. Almond's claim, Cigna pointed out to the Trial Court that the Monroe County judgment and all of Ms. Almond's medical bills resulting from the accident had been paid, and that Ms. Almond was seeking to

recover twice for the same claim. We agree that even if Ms. Almond has standing as a third party beneficiary, an issue we do not decide today, she may not have a double recovery, so we affirm the summary judgment in favor of Cigna.

A copy of the Monroe County judgment appears in the record in this case. While it is unsigned and not file-marked, Ms. Almond stipulates in her abstract that the judgment was entered. The judgment does not spell out the damage elements for which the $6,060 was awarded, but in a brief to the Trial Court in the case now before us, Cigna discussed the judgment entered against 50-Off in Monroe County and asserted, "Plaintiff's medical bills have been fully and finally satisfied." Nothing of record shows that Ms. Almond denied that assertion or responded to it.

In its brief submitted to us, Cigna states:

> Yet, Almond has already been compensated for the reasonable and necessary medical expenses that a Monroe County jury found to have been proximately caused by the accident in its rendition of a verdict in the amount of $6,060. . . . It is undisputed that this amount has been paid to Almond and satisfied by Cigna under the liability portion of the policy. . . . Yet Almond is now asking this Court to give her the opportunity to seek a double recovery.

In her reply brief, Ms. Almond does not contest that statement but says that Cigna is not entitled to a "set off" of the amount it has paid absent language in the insurance contract or a statutory provision allowing it.

We see a distinction between the set off or recoupment concept and that of double recovery. A set off may be had when a defendant has a claim against the plaintiff which does not arise out of the transaction which is the subject of the plaintiff's claim against the defendant. If the claim of the defendant arises from the same transaction, it may be called a recoupment. We discussed those concepts in *Walker* v. *First Commercial Bank, N.A.*, 317 Ark. 617, 880 S.W.2d 316 (1994). *See* Ark. Code Ann. § 16-63-206 (1987). In this case, Cigna is not asserting a claim independently against Ms. Almond; it is defending on the double recovery principle, and Ms. Almond makes no response.

■ There are some instances in which, as a means of imposing a penalty, double, even treble, recoveries are permitted. *See Lotz* v. *Cromer*, 317 Ark. 250, 878 S.W.2d 367 (1991), and *Dillon* v. *Resolution Trust Corp.*, 306 Ark. 173, 811 S.W.2d 765 (1991) (awarding double the amount of interest which was charged in violation of the Constitution's usury provision). *See also Revels* v. *Knighton*, 305 Ark. 109, 805 S.W.2d 649 (1991) and *Arnold* v. *Lee*, 296 Ark. 339, 756 S.W.2d 904 (1988) (trebling damages in tort actions for trespass). This case is not one of them, and we have often expressed our general disapproval of allowing a claimant to recover more than once for the same injury. *See, e.g., Smith* v. *Walt Bennett Ford, Inc.*, 314 Ark. 591, 864 S.W.2d 817 (1993); *Thomas Auto Co., Inc.* v. *Craft*, 297 Ark. 492, 763 S.W.2d 651 (1989). We have expressed that principle in cases involving recoveries from insurance companies in dealing with an insurer's right to subrogation. *See, e.g., Arkansas State Employees Ins. Advisory Comm.* v. *Estate of Manning*, 316 Ark. 215, 870 S.W.2d 748 (1994); *Shelter Mut. Ins. Co.* v. *Bough*, 310 Ark. 21, 834 S.W.2d 637 (1992).

■ The record and briefs in this case leave us with no doubt that Ms. Almond's claim for medical payments under coverage "C" would, if honored, result in a double recovery. We have been cited to no law which would require or permit us to ignore the general policy of declining to allow such a recovery. If we were to do as Ms. Almond requests and hold that she had a right to the payments as a third party beneficiary it would, in these circumstances, amount to no more than an advisory opinion. We do not render advisory opinions. *Saunders* v. *Neuse*, 320 Ark. 547, 898 S.W.2d 43 (1995); *Dougan* v. *Gray*, 318 Ark. 6, 884 S.W.2d 239 (1994).

■ While we do not reach the point on which the Trial Court decided this case, we may affirm for a different reason, *West* v. *G.D. Scarle & Co.*, 317 Ark. 525, 879 S.W.2d 412 (1994); *Register* v. *State*, 313 Ark. 426, 855 S.W.2d 320 (1993); *Hubbard* v. *The Shores Group, Inc.*, 313 Ark. 498, 855 S.W.2d 924 (1993), and we do so in this case.

Affirmed.