2011 Ark. App. 230

Linda Howell **BAILEY**, Trustee of the M. David Howell Family Trust, Appellant

v.

William B. **BENTON** et al., Appellees.

No. CA 10–412.

Court of Appeals of Arkansas.

March 30, 2011.

Jennifer Gay Ziegenhorn, Justin Jones, Memphis, TN, for appellant.

Thomas Philitus Thrash, D. Nathan Coulter, Little Rock, for appellees.

JOHN MAUZY PITTMAN, Judge.

|₁Appellant Linda Howell Bailey, as trustee of the M. David Howell Family Trust, brings this appeal from the order of the Crittenden County Circuit Court granting a summary judgment dismissing her counterclaim that charged appellees [1] with usury. The dismissal came |₂after appellees had taken a nonsuit of their complaint against appellant. We affirm the circuit court.

## Background

Appellee William B. Benton and approximately forty other investors (hereinafter referred to, collectively, as appellees or the investors) "loaned" money to David Howell, a self-described trader, in exchange for promissory notes that guaranteed them a specific return on their investment. Sometime in 2001, in an effort to induce the investors to loan him money, Howell falsely represented that "he had discovered a system of investment which was yielding returns of ninety percent." Rather than invest their money for them, Howell advised the investors he would "borrow" the money as a loan, invest it as his own, and later pay them back the full amount of the loan plus a specified rate of return, which was considerably higher than appellees could obtain from banks or in the capital markets. Howell misrepresented his net worth and falsely told investors that half of the total funds he would invest belonged to

1. The appellees are William B. Benton; Frank G. Barton, Jr.; James H. Barton; Walter Edge; Gene Graves; Thomas H. Hoffman, Individually, and as Trustee of the Hoffman Family Revocable Living Trust; Erskin Hubbard; Jane Hubbard; Stephen Inzinna; Gene Jolley; Thomas M. Keesee, Jr.; Gray Langston; Charles Myers; Logan C.B. Young, Jr., Individually, and as Trustee of the Logan C.B. Young, Jr. Trust, and the Logan C.B. Young, III Trust; McBank and Company, Trustee for Jean Thomas; Osceola Investments Inc.; David Pearson; Sherry Pearson; Gary Prosterman; Smelley Family Investments LLC; Harry L. Smith; Jean P. Thomas; Herbert Thomas; R. Bruce Thompson; Rick Turner; Charles M. West; Clare Williams; Kirby Williams; Young Family Limited Partnership; Nancy Zuerlein; Terrance Zuerlein, Trustee for the Zuerlein Educational Fund; Rex Jones; Leslie Jones; Bayou Bend Partners; Howard Kent; Russell E. McAlister, Jr.; Marge Sharpe; and Mary Jordan.

him, when, in actuality, he obtained such funds fraudulently from another group of investors not involved in this litigation.

Relying on Howell's false representations, the investors obtained from Howell the written promissory notes, which required him to pay back the loans plus a specified rate of return in monthly installments. The notes also gave the investors the right to demand immediate payment of the principal and all accrued interest if Howell failed to timely pay any monthly installment of principal or interest.

According to the investors, in 2002, after Howell had obtained the money from them, he set up an institutional account at a brokerage house. By the summer of 2002, Howell had lost all of the money the investors had loaned him and was unable to make the monthly payments required by the promissory notes. Howell died in October 2002.

Appellees filed this action in January 2003.[2] Appellant was sued in two capacities: first, as personal representative of Howell's estate, and second, as trustee of the M. David Howell Family Trust.[3] The only allegation contained in the complaint pertinent to the trust was that Howell had used trust assets to make payments to appellees and to obtain life insurance on his life. Appellant denied the material allegations of the complaint, including the allegation that trust assets were used to make payments to appellees. Appellant further asserted that appellees' complaint was barred by the affirmative defense of set-off. The answer also contained a counterclaim, alleging that the notes Howell executed were usurious and seeking to recover twice the amount of interest paid.

Appellees amended their complaint to more clearly allege fraud against Howell and Richard Smith. The amended complaint also charged Howell and Smith with violations of the Arkansas Securities Act. Finally, the amended complaint alleged without explanation that the trust, with Howell, Smith, and others, was responsible for the damages suffered by appellees.

After obtaining new counsel, appellant filed an amended answer and counterclaim. The amended answer denied the allegations of fraud, but admitted that the trust had made payments, both principal and interest, to appellees. The amended answer set forth the allegations of usury in much more detail than the original answer. In the alternative, appellant asserted that, to the extent that appellees had a cause of action against her based upon appellees' lending relationship with Howell, she was entitled to assert all claims and defenses that Howell could assert. Appellant's counterclaim sought a declaratory judgment that (1) the trust was entitled to set off the usurious interest payments appellees received from appellees' claims against appellant and (2) the amount of the interest payments exceeded the amount of the loans and therefore extinguished appellees' claims against the trust.

On November 20, 2007, appellees filed a motion seeking to voluntarily dismiss without prejudice their claims as to the trust. The court granted their motion by order entered on November 29, 2007.

After their prior motion to dismiss appellant's counterclaim was denied by the circuit court, appellees filed a second motion to dismiss on March 31, 2009. This motion asserted that the trust had no valid claim to set off because appellees had set-

2. Also named as defendants were Merrill Lynch; Goldman, Sachs & Co., and Refco, LLC. The disposition of the claims against these defendants is not relevant to this appeal.

3. Appellant was later replaced as personal representative of Howell's estate.

tled and dismissed their claims against Howell's estate; that the estate had dismissed its usury counterclaim against appellees; and that appellees had dismissed their claim against the trust. The motion further alleged that the trust lacked standing to raise a claim of usury because the trust was not a party to the notes and did not make any interest payments to appellees. Additionally, the motion asserted that the trust could not seek declaratory relief because it was not a party to the notes and contracts between appellees and Howell. In the alternative, the motion sought summary judgment. Attached as exhibits to the motion were the settlement agreement and affidavits from various appellees stating that any payments they received came from Howell, not appellant or the trust.

In response, appellant argued that it had admitted that the trust, when Howell was the trustee, did make interest payments to appellees so as to have standing to pursue a usury claim. Appellant noted that appellees had originally claimed that trust assets were used to make payments to appellees and that, as a result, the trust and Howell were jointly responsible for damages suffered by appellees.

## The Circuit Court's Ruling

Following a hearing in which the circuit court heard oral arguments on appellees' motion for summary judgment, the court issued a letter opinion on November 2, 2009, granting the motion. The court found that appellant's case rested upon a claim of setoff to the extent that appellees had a cause of action against appellant, and that appellees' dismissal of their claim rendered appellant's claim of setoff moot. The circuit court's written order was entered on December 28, 2009. This appeal followed.

## Standard of Review

Although appellees' motion leading to this order was styled as a motion to dismiss, the circuit court considered matters outside the pleadings in ruling on it. When matters outside the pleadings are presented and not excluded by the circuit court, a motion to dismiss will be treated as a motion for summary judgment. *Ruth R. Remmel Revocable Trust v. Regions Fin. Corp.*, 369 Ark. 392, 402, 255 S.W.3d 453, 461 (2007). Ordinarily, upon reviewing a court's decision on a summary-judgment motion, we would examine the record to determine if genuine issues of material fact exist. *Id.* However, in a case such as this one, which does not involve the question of whether factual issues exist but rather the application of legal rules, we simply determine whether appellees were entitled to judgment as a matter of law. *Id.* A circuit judge's conclusion on a matter of law is reviewed by this court de novo and given no deference on appeal. *Robinson v. Villines*, 2009 Ark. 632, 362 S.W.3d 870.

## Arguments on Appeal

Although appellant argues five points for reversal, we find the trust's lack of standing to claim usury and its failure to prove usury to be dispositive. This claim is premised on the assertion that the trust paid usurious interest to appellees. The circuit court found that appellant's claim was barred because Howell's estate and appellees had entered into a settlement agreement whereby the estate would dismiss its counterclaim for usury against appellees. The circuit court was correct.

By the terms of the settlement agreement, appellees' claims against Howell's estate were deemed valid and were to be approved. Appellees agreed to dismiss their claims against the estate, and the estate agreed to dismiss its counterclaim

for usury against appellees. The dismissals were to be with prejudice. Thereafter, appellees dismissed their claims against appellant as trustee without prejudice on November 29, 2007. The settlement agreement is the key to the present case because Howell's estate agreed to dismiss its usury claims against appellees. In *Bailey v. Commerce Union Bank*, 223 Ark. 686, 269 S.W.2d 314 (1954), the supreme court noted that it had long ago adopted the common-law rule that the defense of usury was personal to the original borrower, citing *Pickett v. Merchants' National Bank*, 32 Ark. 346 (1877).[4] Because the claim of usury was personal to David Howell, when his estate settled the claim and dismissed it with prejudice, any derivative claim that appellant sought to assert was likewise resolved.

 Appellant bases her right to recover twice the amount of interest paid on article 19, section 13(a)(ii) of the Arkansas Constitution. The applicable language of that section states that "[a] person who has paid interest in excess of the maximum lawful rate may recover, within the time provided by law, twice the amount of interest paid."[5] It is only the amount of interest that exceeds lawful interest that can be recovered, and appellant, as the party claiming usury, bears the burden of proof. *See Hickman v. Courtney*, 361 Ark. 5, 203 S.W.3d 632 (2005). Although appellant attached to her response to appellees' motion copies of checks showing payments made to appellees, she has not undertaken to break the sums represented by those checks into principal and interest. Where there is no showing that payments were allocated so that usurious interest was

being collected from the borrower, the claim of usury must fail. *See Cooprider v. Security Bank*, 319 Ark. 75, 890 S.W.2d 240 (1994). When summary judgment is granted because a party cannot prove its case, the summary judgment should be granted with prejudice. *See Haase v. Starnes*, 323 Ark. 263, 915 S.W.2d 675 (1996).

Given our resolution of this issue, we need not address appellant's remaining arguments.

Affirmed.

ABRAMSON and MARTIN, JJ., agree.

---

4. The supreme court has also held that a cause of action for usury is not assignable. *Perryman v. Hackler*, 323 Ark. 500, 916 S.W.2d 105 (1996).

5. Article 19, section 13 was affected by the passage of amendment 89 on November 2, 2010. Effective January 1, 2011, the language quoted above is no longer in the Constitution.