ROBERTSON *v.* AMERICAN INVESTMENT COMPANY.

Opinion delivered February 8, 1926.

1. BILLS AND NOTES—INDORSEMENT WITHOUT RECOURSE.—Indorsement of a promissory note without recourse does not indicate that the indorsee takes with notice of any defects, or that he does not take on the credit of the other party or parties to the note, but only that he takes without recourse on the indorser.

2. VENDOR AND PURCHASER—NOTICE OF VENDOR'S LIEN.—The fact that an express vendor's lien was not reserved in a conveyance of land did not displace the lien in favor of a subsequent incumbrance where the conveyance showed on its face that certain notes were given in part payment of the land, and inquiry would have revealed the fact that they were not paid.

3. VENDOR AND PURCHASER—CONSTRUCTIVE NOTICE.—One who takes a mortgage upon land takes with constructive notice of whatever appears in the conveyances constituting his chain of title, whether such conveyances are of record or not; and if anything appears therein sufficient to put him on inquiry, he is charged with the notice which he would have received if he had made the inquiry.

4. MORTGAGES—SURRENDER OF LIEN—INTERVENING LIEN.—The holder of a prior mortgage lien on land who surrenders his lien and accepts a second mortgage lien thereon takes subject to an intervening lien in favor of a third person.

Appeal from Logan Chancery Court, Northern District; *J. V. Bourland,* Chancellor; reversed.

STATEMENT BY THE COURT.

On September 12, 1921, C. H. Plunkett and wife conveyed by deed of that date a tract of land in Logan County, Arkansas, to S. B. Casey. The deed recited that the portion of the unpaid purchase money which was not paid in cash was evidenced by three notes, payable to the order of the grantor, as follows: One note for $250 due November 1, 1923; one note for $500 due November 1, 1924; and one note for $500 due November 1, 1925. There was no express reservation of a vendor's lien to secure the payment of these notes.

On September 6, 1923, these notes were purchased from Plunkett by Cecil Robertson, and at the time of the

purchase were indorsed by Plunkett as "transferred without recourse on me."

On the maturity of these notes Robertson brought this suit to enforce a vendor's lien against the land in payment for which the notes were given. It was alleged in the complaint filed by Robertson that the American Investment Company, hereinafter referred to as the company, claimed a lien on the land, and that company was made a party defendant.

The investment company filed an answer, in which the following facts were set out: That on July 31, 1922, Casey and wife executed to the company a mortgage on the land in question to secure the payment of a note due the company for the sum of $1,200, and on the same day the said Casey and wife also executed to the company a second mortgage for $300, and both of said mortgages were duly filed for record on August 17, 1922, and on August 31, 1922, the company assigned the first mortgage and $1,200 note to the Franklin County Savings Bank & Trust Company, of Vermont, hereinafter referred to as the bank. That the loans from the company were obtained with the full knowledge of Plunkett for the purpose of paying a mortgage debt of S. B. Casey to W. M. Winner of $750, and interest, executed September 12, 1921, for the purpose of paying a prior mortgage on the same land executed by Plunkett to Winner before the sale of the land to Casey.

It was further recited in the company's answer that Plunkett did not reserve an express vendor's lien on the land sold Casey, and that the loan was made without knowledge of this lien, and it was alleged that, as the company was an innocent purchaser, its mortgage lien was superior to the equitable vendor's lien.

The deed from Plunkett to Casey was not recorded until August 19, 1922, which was two days after the mortgages to the investment company had been filed for record.

The bank filed a separate answer adopting the answer of the mortgage company, and alleging that it was

an innocent purchaser of the $1,200 note and the mortgage securing it.

The court declared the law to be that the mortgages to the bank and to the company were superior to the vendor's lien for the purchase money by reason of the fact that the mortgages were recorded prior to the deed, and that, as the said mortgage loans were applied in payment of a prior existing mortgage lien to Winner, the company and the bank were entitled to be subrogated to the rights of the owners of this mortgage.

Casey testified that he bought the land in controversy from Plunkett for $2,500, to be paid in part by the assumption of a mortgage from Plunkett to Winner. The deed from Plunkett to Casey does not set out as a part of the consideration the assumption of payment of this mortgage. Witness Casey further testified that out of the proceeds of the loans from the mortgage company he paid the mortgage to Winner and paid $100 of interest to Plunkett, and the balance was used in building a four-room house on the land. Witness testified that he told Plunkett he had applied for the loan, and Plunkett knew that the interest paid him was paid with a part of the proceeds of the loan.

Plunkett's testimony was substantially the same as that of Casey, except that he denied knowing that Casey had applied for or had received a loan from the mortgage company until Casey paid him the $100 in interest.

Winner testified that he held a mortgage from Plunkett for a thousand dollars on the land in controversy, and that Plunkett and Casey came to see him about releasing Plunkett and holding Casey for this debt. Witness agreed to do this if the mortgage indebtedness was reduced to $750, and a first lien was given him for that amount, and, when the mortgage indebtedness of Plunkett to witness was reduced to $750, he canceled the mortgage from Plunkett, and took a mortgage from Casey for the amount then due him. The mortgage from Casey was filed for record September 16, 1921, and this mortgage

was paid witness with money derived from the loans to Casey by the mortgage company.

The agent of the mortgage company testified that he had no knowledge of any claim of a lien by Plunkett, and that the loan was made and completed before the company had knowledge of that fact. There was testimony tending to show that the mortgage company had actual knowledge of the vendor's lien before the sum secured by the mortgage to it was paid over to Casey; but we regard this as unimportant, and do not set this testimony out for reasons which will later appear. Other testimony will be stated in the opinion.

*White & White,* for appellant.

*Anthony Hall,* for appellee.

SMITH, J., (after stating the facts). The fact that the notes sued on by Robertson were indorsed, "without recourse on me", by Plunkett is unimportant here. A syllabus in the case of *Neely* v. *Black,* 80 Ark. 212, reads as follows: "Indorsement of a promissory note without recourse does not indicate that the indorsee takes with notice of any defects, or that he does not take on the credit of the other party or parties to the note, but only that he takes without recourse on the indorser."

Robertson therefore, by purchasing the purchase-money notes from Plunkett, acquired the equitable vendor's lien which Plunkett had.

The fact that an express vendor's lien was not reserved in the deed is unimportant, because the deed showed on its face that these notes were given in part payment of the land, and any inquiry would have revealed the fact that they were not paid. *Union & Planters' Bank & Trust Co.* v. *Simmons,* 166 Ark. 285.

It is true the mortgages to the mortgage company were placed on record before the deed from Plunkett to Casey was filed for record, but this is unimportant, because the deed from Plunkett to Casey was in the chain of title under which the mortgage company claims. The title mortgaged was acquired through the deed from Plunkett to Casey.

In the case of *Gaines* v. *Summers,* 50 Ark. 322, Mr. Justice BATTLE said: "A person purchasing an interest in lands 'takes with constructive notice of whatever appears in the conveyances constituting his chain of title.' If anything appears in such conveyances 'sufficient to put a prudent man on inquiry, which, if prosecuted with ordinary diligence, would lead to actual notice of some right or title in conflict with that he is about to purchase, it is his duty to make the inquiry, and if he does not make it he is guilty of bad faith or negligence,' and the law will charge him with the actual notice he would have received if he had made it." (Citing cases). The doctrine of that case has been many times reaffirmed by this court and is settled law.

We think the court was also in error in holding that by subrogation the lien of the mortgage company was superior to the vendor's lien acquired by plaintiff Robertson. In the first place, the mortgage indebtedness to Winner amounted to only $750, and upon no theory could there be subrogation beyond the sum paid to satisfy the mortgage. But it further appears that the mortgage from Plunkett to Winner was canceled when Winner agreed to take a mortgage from Casey in satisfaction of the one which he had from Plunkett. The deed from Plunkett to Casey was dated September 12, 1921, and the mortgage from Casey to Winner was also dated September 12, 1921, but necessarily the deed is prior and superior to the mortgage, for the deed conveyed to Casey the title which Casey mortgaged to Winner, therefore the vendor's lien in Plunkett's favor is superior to the mortgage lien in Winner's favor.

It is true Winner testified that it was understood this mortgage from Casey was to be a first lien, and that fact was recited in the mortgage from Casey to Winner, but there is no showing whatever that Robertson was aware of or was a party to this understanding. On the contrary, the undisputed testimony is that Robertson had no actual knowledge of this understanding. Such knowledge

as Robertson had was constructive, arising from the fact that there was a mortgage of record from Casey to Winner, but it is also an undisputed fact that Casey had no title to mortgage except that which he derived through the deed to him from Plunkett. Robertson testified, and is corroborated by Plunkett, that he had sold Plunkett other lands upon which he, Robertson, held a vendor's lien, and that Robertson satisfied this lien in consideration of the transfer to him of the notes herein sued upon.

Robertson was an innocent purchaser of the notes sued on. He had only constructive notice of the existence of the mortgage from Casey to Winner, and the court was therefore in error in not adjudging that the vendor's lien which Robertson acquired by the purchase of the notes was superior to the mortgages executed to the mortgage company, one of which, as has been said, was assigned to the bank and trust company of Vermont.

The decree of the court below will therefore be reversed, and the cause remanded with directions to enter a decree in conformity to this opinion.