**CHICAGO CORP. v. SHEPPERD et al.**

No. 10040.

Court of Civil Appeals of Texas.
Austin.

April 23, 1952.

Rehearing Denied May 7, 1952.

Small, Small & Craig, by C. C. Small, Jr., Austin, for appellant.

Price Daniel, Atty. Gen., William H. Holloway, Asst. Atty. Gen., for appellee.

GRAY, Justice.

Appellant sued the Secretary of State and other State officials, in their official capacities, to recover $2500 paid under protest, Art. 7057b, Vernon's Ann.Civ.Stat., and claimed by the Secretary of State to be due as a fee for a renewal of appellant's permit to do business in Texas.

A nonjury trial had upon stipulated facts resulted in a judgment that appellant take nothing by its suit.

Appellant is a Delaware corporation and on June 2, 1941, it was issued a permit to do business in Texas. Subsequent to that time it has filed charter amendments and other instruments required to be filed with the Secretary of State and has paid filing fees totaling $2500. On May 24, 1951, appellant tendered to the Secretary of State its application for a renewal of its permit to do business in Texas. The Secretary of State refused to file the application until appellant paid a filing fee of $2500. Appellant paid this fee and accompanied its payment with a written protest, the pertinent portions of which are:

"The grounds of this protest are as follows: The Chicago Corporation has heretofore paid to your office aggregate filing fees of $2500.00 in connection with its permit to do business in the State of Texas. Article 3914, R.C.S., provides that 'the maximum filing fees to be paid by any domestic or foreign corporation shall be $2500.-00.' Having previously paid the maximum filing fees required by law, The Chicago Corporation is entitled to have the above described documents filed in your office without the payment of additional filing fees."

Appellant here presents one point as follows:

"The trial court erred in holding that a foreign corporation which had previously paid $2500.00 in filing fees to the Secretary of State under Article 3914, Revised Civil Statutes of Texas, was required to pay additional filing fees under said article, when said article provides in plain and unambiguous language that 'the maximum filing fees to be paid by any domestic or foreign corporation shall be twenty-five hundred ($2500.00) dollars.'"

Article 1529, Vernon's Ann.Civ.Stat., provides:

"Any corporation for pecuniary profit, * * * desiring to transact

or solicit business in Texas, or to establish a general or special office in this State, shall file with the Secretary of State a duly certified copy of its articles of incorporation; and thereupon such official shall issue to such corporation a permit to transact business in this State for a period of ten years from the date of so filing such articles of incorporation. If such corporation is created for more than one purpose, the permit may be limited to one or more purposes."

It is by the authority of this article that the Secretary of State is authorized to issue a permit to a foreign corporation to do business in this State for a period of ten years.

Article 1537, Vernon's Ann.Civ.Stat., requires each foreign corporation which has been granted a permit to do business in this State to file with the Secretary of State a certified copy of any amendment or supplement to its original articles of incorporation.

The fees to be charged by the Secretary of State, insofar as applicable here, are fixed by Article 3914, Vernon's Ann.Civ. Stat., the pertinent provisions of which are:

"The Secretary of State is authorized and required to charge for the use of the State the following other fees:

\* \* \* \* \* \*

"Upon obtaining a permit under Article 1529 and upon filing a certified copy of any amendment or supplement under Article 1537, each foreign corporation shall pay the following fees for the privilege of being admitted to do an intrastate business in this State; Fifty ($50.00) Dollars for the first Ten Thousand ($10,000.00) Dollars of its issued capital stock employed in Texas, as hereinafter determined, and Ten ($10.00) Dollars for each additional Ten Thousand ($10,000.00) Dollars or fractional part thereof. \* \* \*

"The maximum filing fees to be paid by any domestic or foreign corporation shall be Twenty-five Hundred ($2500.-00) Dollars."

In General Motors Acceptance Corp. v. McCallum, 118 Tex. 46, 10 S.W.2d 687, 689, the Court considered the liability of a foreign corporation for the payment of fees for filing amendments or supplements to its original articles of incorporation. The corporation had paid filing fees to the Secretary of State amounting to $2500, and had tendered for filing subsequent amendments without payment of additional fees. It was the contention of the Secretary of State that each separate filing of an amendment subsequent to the original filing was a separate "event" within the meaning of the statute, Art. 3914, supra; that the Secretary of State was authorized to charge the fees therein fixed, and that the limitation of $2500 referred only to the increased capital stock represented in the subsequent filing. The Court overruled this contention and in its opinion said:

"It is significant that it becomes the duty of the secretary of state, when a certified copy of the articles of incorporation has been filed and that officer has been satisfied by the showing made by the applicant that a permit shall be issued, good for a period of ten years, and that thereafter when such charter has been amended or supplemented, that a certified copy of such amendment or supplement shall be immediately filed with the secretary of state. There is no discretion whatever left with the secretary of state as to such supplemental filing. It is a requirement of the law for the protection of the public dealing with the corporation. The statutes do not contemplate a new permit or even an amendment of the permit previously issued. There is nothing to indicate that the secretary of state has any authority whatever to revoke, amend, or supplement the permit previously issued. This is a matter for judicial cognizance in the absence of statutory power in the secretary of state."

The above cause was first referred to Section A of the Commission of Appeals, but the Supreme Court did not adopt its opinion and referred the cause to Section

B. In its order so referring the cause, 118 Tex. 46, 47, 10 S.W.2d 687, the Court said:

"We tentatively think the statute should be construed as contended for by relator, in order to sustain its validity. When the limit of $2500. has been paid under a permit, apparently additional amendments may be filed without further payment of fees. Of course, if a new permit is taken out when an amendment is tendered, the statutory limit could again be collected."

The order of the Supreme Court, supra, and the fact that it adopted the opinion of the Commission of Appeals, Section B, refutes appellant's argument that the $2500 limit fixed by Article 3914 exempts a foreign corporation which has paid such maximum filing fee from payment of further fees upon a renewal of its permit.

Article 1529 clearly limits the life of a permit granted to a foreign corporation to a period of ten years. Article 3914 fixes the fees to be charged for the original permit and subsequent amendments. It limits the charges to $2500. These requirements of the law "do not contemplate a new permit or even an amendment of the permit previously issued."

In Flowers v. Pecos River R. Co., 138 Tex. 18, 156 S.W.2d 260, 264, the railroad company (a domestic corporation) had filed a renewal of its charter with the Secretary of State and had tendered a filing fee of $200. The Secretary of State refused to accept the tendered fee and demanded a filing fee, calculated on the amount of the authorized capital stock of the company, totaling $525. The amount so demanded was paid under protest and the suit was for recovery of $325. The Court denied the recovery and said:

"When we come to ascertain what fee was due for filing this extension to the Railroad's charter, it is too evident to admit of argument that we are relegated to Article 3914 of our Civil Statutes, supra. * * * In this instance the Railroad filed a renewal of its corporate charter for fifty years. We think that such renewal was the filing of a charter within the meaning of Article 3914."

In the case before us, appellant's permit would expire ten years after June 2, 1941, by force of Article 1529, supra. We think its application for a renewal of its permit must be construed as an application for a permit and that the filing fee due therefor is the fee fixed by Article 3914.

The judgment of the trial court is affirmed.