WHITTEN DEVELOPMENTS, Inc. et al
*v.* Chester AGEE

74-80                                          511 S.W. 2d 466

Opinion delivered July 15, 1974

*Barrett, Wheatley, Smith & Deacon,* for appellants.

*Gardner & Steinsiek,* for appellee.

JOHN A. FOGLEMAN, Justice. The sole error asserted by appellants for reversal of the decree of the chancery court rendering judgment against them on two promissory notes is the overruling of their demurrer and denial of their motion for transfer of the case to the circuit court. We find no error and affirm the decree.

Chester Agee contracted to sell Whitten Developments, Inc. two tracts of land in Craighead county for development as sub-divisions. Agee accepted two promissory notes for $56,000 each dated June 18, 1970, executed by Whitten Developments, Inc. and personally guaranteed by Lindsey Whitten. No mortgage was given by the purchaser to secure the payment of these notes and no vendor's lien was specifically retained by Agee in the instruments evidencing the sale. The notes were payable 36 months after date, subject to an agreement which provided for payments on the principal as lots were sold from the tracts by the development company.

On February 8, 1971, Agee filed his complaint in the chancery court asking judgment on the notes, an attachment upon one of the tracts and "all other relief to which plaintiff may be entitled." He alleged that:

> He was induced to sell the lands by assurances that immediate development would result in his being paid the purchase price under the agreement to which the notes were subject; the corporation immediately after the sale borrowed $15,000 from the Mercantile Bank of

Jonesboro, securing the loan by a mortgage on one of the tracts but had defaulted in the payment of that loan resulting in the filing of a foreclosure suit by the bank; appellants had never developed the lands and it appeared that the corporate defendant had schemed to secure title to the lands without paying the consideration; prepayment under the agreement had been rendered impossible; appellee was requesting the right to intervene in the foreclosure proceeding to the end that the rights of all parties in any surplus remaining after a foreclosure sale might be preserved; the corporate defendant had engaged engineers and attorneys with reference to the development of the other tract, who had obtained judgments and executions against appellants when they were not paid for their services; appellee had no adequate remedy at law and filed the action to prevent a multiplicity of actions for the parties.

Appellants filed a general denial without asking any transfer of the case to law. On June 21, 1973 appellee filed an amended and substituted complaint in which he adopted all the allegations of the original complaint praying judgment for $112,000 and $11,200 for attorney's fees and costs of collection, less any amount to be credited by reason of his intervention in the foreclosure suit, along with "all other relief to which plaintiff may be entitled." New service was had upon appellants, but no responsive pleading was filed until after they had been given notice the case would be tried on October 29, 1973. They then employed the attorneys who represent them on this appeal. These attorneys filed a motion for continuance on October 24, 1973, alleging their lack of opportunity to investigate the facts and the failure of appellants' former attorney to contact them pursuant to request of appellants. This motion was granted and the case reset for November 19, 1973.

On November 9, 1973, appellants filed a demurrer alleging that the court had no jurisdiction of the subject matter of the action and that there was an adequate remedy at law. When the case came on for trial, the court overruled the demurrer and denied appellants' oral motion to transfer.

Appellant contends that the cause of action under the

amended and substituted complaint lay wholly within the jurisdiction of the law courts, and since subject matter was involved, the question could not have been waived.

Of course, the subject matter involved here is not of the type over which the equity court has no power to act, as is the case in such proceedings as the probate of a will or the trial of a tort action for personal injuries. The alleged lack of jurisdiction is wholly based upon the purported adequacy of the remedy at law. We have held that this question cannot be raised by demurrer. *Reid* v. *Karoley*, 232 Ark. 261, 337 S.W. 2d 648; *Higginbotham* v. *Harper*, 206 Ark. 210, 174 S.W. 2d 668; *Columbia Compress Co.* v. *Reid*, 160 Ark. 436, 254 S.W. 825; *Sledge-Norfleet Co.* v. *Matkins*, 154 Ark. 509, 243 S.W. 289. We have also held that by failure to make timely motion to transfer, in a case of this kind, a party waives the right unless the equity court is wholly incompetent to grant the relief sought. *Reid* v. *Karoley*, supra; *McIlvenny* v. *Horton*, 227 Ark. 826, 302 S.W. 2d 70; *Hayes* v. *Bishop*, 141 Ark. 155, 216 S.W. 298.

The notes were not due when the complaint was filed, but became due during the pendency of the litigation. Even if it could be said that the law court could have rendered judgment on the notes before they came due so that it was unnecessary to resort to equity when the complaint was first filed, or that the fact they came due after it was filed justified the filing of the motion, there was still another basis for the exercise of equity jurisdiction. In both the original complaint and the amended one, there was another basis for equitable relief. Under the allegations made by appellee, the notes were for purchase money for the real estate. The mere fact that no mortgage was given or specific vendor's lien retained to secure them, did not ipso facto deprive appellee of a vendor's lien, as between the parties. *Robertson* v. *American Investment Co.*, 170 Ark. 413, 279 S.W. 1008. Even though he did not ask foreclosure of the lien, he was, in view of his prayer for general relief in both complaints entitled to any relief in equity that would be justified upon proof of the facts alleged (*Jackson* v. *Jackson*, 253 Ark. 1033, 490 S.W. 2d 809), and in view of his coordination of both the original and amended complaint with an intervention in the bank's foreclosure suit

so that any surplus recovered thereby be credited on the purchase money judgment, there was still a basis for equity jurisdiction and a decree declaring a vendor's lien subject to the intervening rights of third parties. *Lay, Administrator* v. *Gaines,* 130 Ark. 167, 196 S.W. 919; *Keathley* v. *Keathley,* 115 Ark. 605, 170 S.W. 564; *Swan* v. *Benson,* 31 Ark. 728. Furthermore, appellee made quite clear in his pleadings that his intervention in the foreclosure suit was for the purpose of protecting the rights of all the parties. He also clearly asked that any recovery by reason thereof should be credited, in the action now before us, upon the amount due him on the notes, in determining the amount for which judgment should be rendered. This in itself was an assertion of a vendor's lien subject to the intervening rights of the mortgagee bank.

This facet of the case was not disposed of until the final decree rendered after the action of which appellant complains. In that decree, the chancery court directed that its Commissioner in the foreclosure suit pay to appellee the amount remaining after proper application of the proceeds of sale in that suit to be applied to the judgment in appellee's favor in this action. Until this time, the matter was one calling upon the court for equitable relief.

Since we cannot say the action of the chancery court was error, the decree is affirmed.