William LOTZ and Tammy P. Lotz *v.* Harold CROMER
and Nellie Cromer

94-100                                                      878 S.W.2d 367

Supreme Court of Arkansas
Opinion delivered June 6, 1994

*Pilkinton, Pilkinton & Yocum,* by: *Tony Yocum,* for appellants.

*McKenzie, Graves, McRae & Vasser,* by: *Albert Graves, Jr.,* for appellees.

DAVID NEWBERN, Justice. William and Tammy Lotz, the appellants, prevailed on their allegation that the appellees, Harold and Nellie Cromer, had charged interest at a usurious rate on an installment note for the purchase of a home. The Chancellor held that the Lotzes were entitled to twice the amount of interest paid and to have the remaining interest cancelled in accordance with Ark. Const. art. 19, § 13. The Lotzes are dissatisfied with the decree, however, because the Chancellor limited the award to twice the interest the Lotzes paid up to the time they filed their suit, thus declining to award twice the interest which was paid after the Lotzes filed their complaint. They also contend the Chancellor erred in holding that their payments were to remain at the rate of $400 per month as provided in the note but with the full amount of each payment going to reduce the principal debt. We agree with those contentions and thus reverse and remand the case for proceedings consistent with this opinion.

The note in question was given as partial consideration for purchase of a home in the amount of $31,600 at an interest rate 9.50% which was more than 5% over the federal discount rate on the date the note was made. The complaint requested a judgment for twice the amount of interest paid, which was $2,122.85, as well as a declaratory judgment that the contract was void as to unpaid interest. The complaint requested "all remaining

monthly payments under the contract be only for the amount of principal which would have been paid each month." The complaint was later amended to add an allegation of interest paid during the pendency of this lawsuit, bringing the total amount of interest paid to $3,896.58 and asking double that amount.

### 1. Interest paid

Article 19, § 13, of the Arkansas Constitution states:

(a) General Loans:

(i) The maximum lawful rate of interest on any contract entered into after the effective date hereof shall not exceed five percent (5%) per annum above the Federal Reserve Discount Rate at the time of the contract.

(ii) All such contracts having a rate of interest in excess of the maximum lawful rate shall be void as to the unpaid interest. A person who has paid interest in excess of the maximum lawful rate may recover, within the time provided by law, twice the amount of interest paid. It is unlawful for any person to knowingly charge a rate of interest in excess of the maximum lawful rate in effect at the time of the contract, and any person who does so shall be subject to such punishment as may be provided by law.

That section says one who has paid usurious interest is entitled to twice the amount of all interest paid and says nothing with respect to when the interest was paid. The decree limiting the double recovery to interest paid prior to the filing of the suit is thus inconsistent with the Constitution.

In *McElroy* v. *Grisham*, 306 Ark. 4, 810 S.W.2d 933 (1991), we interpreted art. 19, § 13, strictly. Addressing the portion of the section that states, "A person who has paid interest in excess of the maximum lawful rate may recover . . . twice the amount of interest paid," we noted the penal nature of the section and concluded the penalty is mandatory. Quoting *Arkansas State Racing Comm'n* v. *Southland Racing Corp.*, 226 Ark. 995, 295 S.W.2d 617 (1956), we stated, "'It is of course a familiar rule of statutory construction that 'may' is to be construed as 'shall' when the context of the statute so requires.' Constitutional provisions are construed in the same manner as statutes."

We have not directly addressed whether "all interest paid" is limited to interest paid before the filing of the suit. We stated in the *McElroy* opinion, however, that "to allow trial courts to dispense with the penalty at their discretion would be to defeat this [penal] purpose." In view of our literal and strict interpretation in favor of imposing the very penalty stated in the Constitution, we hold it was error not to award the Lotzes twice the amount of all interest which had been paid on the note.

### 2. Future payments

Although the Chancellor found the remaining interest on the note void, his order requires them to continue making $400 monthly payments. The Lotzes argue the Chancellor should have ordered each future monthly payment reduced by the part of the payment representing interest.

The record contains an amortization schedule the Lotzes introduced into evidence reflecting the amount of principal and interest to be attributed to each payment. There is no question that a portion of the $400 monthly payments agreed to by the parties to this note was to be composed of interest. The interest portion was to decrease progressively over the life of the note, while the remainder of each payment was composed of principal which would increase with each payment.

In fashioning a remedy, a Chancellor has broad power, limited only to the extent that the remedy must be reasonable and justified by the proof. *Chambers* v. *Manning*, 315 Ark. 369, 868 S.W.2d 64 (1993); *Smith* v. *Eastgate Properties, Inc.*, 312 Ark. 355, 849 S.W.2d 504 (1993).

Article 19, § 13(a)(ii), provides that "interest in excess of the maximum . . . shall be void as to the unpaid interest." If the payments are left at $400 per month, all to be attributed to principal, the contract will have been altered because part of each payment was to have been attributed to interest and the payments will terminate sooner than contemplated. If the decree were to provide that only the principal portion of each future payment be made, the contract would be altered as the parties contemplated $400 per month payments and the payments would be progressively less.

■■ If the $400 payments are left intact, the payees get the benefit of the use of the Lotzes' money earlier than if the payments are reduced. In view of the penal nature of art. 19, §13, the alternative applied by the Chancellor is less reasonable and less justified by the proof in this case than the alternative of simply reducing the payments by the amount to have been attributed to interest each month. While we do not reverse a Chancellor's factual findings unless clearly erroneous, we are free in a *de novo* review to alter the result, *Winn* v. *Chateau Cantrell Apartment Co.*, 304 Ark. 146, 801 S.W.2d 261 (1990), and we do so here. The case is remanded for orders consistent with this opinion.

Reversed and remanded.

GLAZE and CORBIN, JJ., dissent.

DONALD L. CORBIN, Justice, dissenting. I dissent.

I agree with the majority's posture in finding error in failure of the chancellor to award the Lotzes twice the amount of all interest which had been paid on the note. I agree with the chancellor's voiding of all remaining interest. However, I disagree with the majority's reversal of the chancellor's order requiring the Lotzes to continue making monthly payments of $400.00 per month.

The majority reasons that if the payments of $400.00 per month are left intact, the contract will have been altered because part of each payment that would have been applied to interest would now be applied to principal, resulting in the termination of the contract sooner than contemplated. Thus, says the majority, this would give the Cromers the benefit of the use of the Lotzes' money earlier than if the payments were reduced. In my view, the majority most certainly has altered the parties' contract by modifying the chancellor's order as it has today.

The Lotzes agreed to repay the loan at $400.00 per month. This is what they contracted to do and this scheme should be continued. Forgotten is the fact that the Cromers financed the purchase of real property that the Lotzes obviously wanted and are presumably now enjoying.

A chancellor may fashion any remedy that is reasonable and

justified by the proof. *Whitten Dev., Inc.* v. *Agee*, 256 Ark. 968, 511 S.W.2d 466 (1974). I fail to see anything unreasonable in keeping the contracted monthly payment of $400.00 per month intact. The payment of $400.00 per month was the axiom of the overall agreement. How the $400.00 per month was to be applied to interest and principal was secondary to the agreement. I see more of a practical problem in following the majority's approach. It will entail forcing each party to an amortization schedule in order to comply with the ordered repayment schedule. The payment will never be the same from month to month during the life of the note. Thus, we are setting in motion a contract change each month. Here, we have superimposed our judgment over that of the chancellor — why have him if we are going to be the decision-maker? The majority has confused the usual role of chancery and appellate courts. It has consistently been our rule that appellate courts defer to the superior position of the chancellor in assessing the evidence presented to him. *See Hawn* v. *Hawn*, 8 Ark. App. 69, 648 S.W.2d 819 (1983) (Cracraft, J., dissenting). I cannot in good conscience say that this chancellor was clearly erroneous in his findings of fact nor was his methodology of repayment unreasonable.

GLAZE, J., joins in this dissent.

TOM GLAZE, Justice, dissenting. I join in Justice Corbin's dissent. In addition, I wish to point out that, in deciding this case, the majority opinion appears to adhere to the rule that a chancellor may fashion any remedy that is reasonable and justified by the proof, *Smith* v. *Eastgate Prop., Inc.*, 312 Ark. 355, 849 S.W.2d 504 (1993), *Chambers* v. *Manning*, 315 Ark. 369, 868 S.W.2d 64 (1993), *Whitten Dev., Inc.* v. *Agee*, 256 Ark. 968, 511 S.W.2d 466 (1974), but it then seems to abandon application of the rule in midstream. Here, the chancellor properly determined that the Cromers charged a usurious rate on the Lotz note. In fashioning a remedy to pay the remaining lawful amount still owed as principal, the chancellor cancelled the remaining interest due on the note, and determined the parties' agreed monthly payments of $400 should continue to be applied *only* in reduction of the principal until that amount is paid in full. In sum, the chancellor believed the parties' contractual monthly payments of $400 were fair, so long as those payments were credited solely to the principal amount still lawfully due. Such payments would continue

the same monthly amount which would terminate the parties' debtor/creditor relationship at an earlier date than previously called for under the original note. The chancellor's decision makes sense as is adequately spelled out in Justice Corbin's dissenting opinion.

While the majority opinion seems to acknowledge the chancellor had broad power and discretion to act in fashioning a remedy in this cause, the majority court simply takes upon itself to come up with its own solution on appeal — an approach appellate courts are generally loath to do. Candidly, the trial court's and the majority court's decisions both appear reasonable under the proof in this case, but it is the trial court's superior position that this court normally recognizes in these circumstances. In my view, we should affirm the trial court's ruling, since the result it proposes is a reasonable one in light of the facts and law in this case.

In proceeding to create its own solution, the majority court, citing *Winn* v. *Chateau Cantrell Apartment Co.*, 304 Ark. 146, 801 S.W.2d 261 (1990), quotes from the rule in *Ferguson* v. *Green*, 266 Ark. 556, 587 S.W.2d 18 (1979), that, in a de novo review, this court is free to reach a different result required by law. Here, no law requires the result proposed and adopted by the majority opinion. The *Ferguson* rule simply is inapplicable here. Again, the chancellor very logically and reasonably ordered the legally valid $400 monthly payments be continued by the Lotzes until the remaining principal indebtedness is liquidated. Being quite reasonable under the circumstances, the court should affirm the chancellor's decision.