CITY OF WEST MEMPHIS, et al.
*v.* Thomas BURROUGHS, et al.

94-176                                     893 S.W.2d 323

Supreme Court of Arkansas
Opinion delivered February 20, 1995

*Sloan, Ruben & Peeples*, by: *Kent J. Rubens* and *James A. Davis, Jr.*; and City of West Memphis by *David C. Peeples*, for appellants.

*Mike Everett*, for appellees.

PER CURIAM. Appellees filed a petition for a writ of mandamus directing appellants, the City and city officials, to call a special election for a referendum on Ordinance No. 1564. The ordinance created the West Memphis Water and Light Commission, conveyed the city-owned water, electric, and waste water utility facilities to the commission, and provided for the appointment of the commissioners. Appellants answered and sought to prevent the referral of the ordinance. The circuit court granted the writ. The City and the city officials appeal. We dismiss the appeal because the issue is now moot.

We have today handed down the opinion in a companion case, *Burroughs v. Ingram*, 319 Ark. 530, 893 S.W.2d 319 (1995). In that case we held invalid the emergency clause of Ordinance No. 1561, an ordinance providing for special meetings

of the city council. At oral argument of this case, the parties agreed that if, in the companion case, we held invalid the emergency clause of Ordinance No. 1561, this case would become moot. The reason is the ordinance at issue in this case, Ordinance No. 1564, was read to the council at three meetings as required by law; however, one of those three meetings was a special meeting called under authority of Ordinance No. 1561, and it was called at a time when Ordinance No. 1561 was effective only if its emergency clause was valid. When the emergency clause of the special meeting ordinance, Ordinance No. 1561, was today declared void, it necessarily follows that Ordinance No. 1564 was not read the required number of times before its passage. Thus, the parties agree that Ordinance No. 1564 is invalid, and this case is moot.

A review of this case would result in a purely advisory opinion regarding the issuance of the writ mandamus, and, absent some compelling policy reason, we do not issue such opinions. *Arkansas Intercollegiate Conference* v. *Parnham*, 309 Ark. 170, 828 S.W.2d 828 (1992). There is no compelling public policy reason to decide whether the writ was correctly issued. Consequently, we dismiss the appeal.