Jeffrey H. CORDELL and Wife, Susan Cordell
*v.* Kenneth R. NADEAU, and John Spotts Pharm D,
d/b/a Spotts Pharmacy

94-1207                                    900 S.W.2d 556

Supreme Court of Arkansas
Opinion delivered July 10, 1995

*Taylor, Halliburton, Ledbetter & Caldwell*, by: *Kathleen L. Caldwell*; and *Gerber Law Offices*, by: *Cynthia Arnold Wilson*, for appellants.

*Womack, Landis, Phelps, McNeill & McDaniel*, by: *Lucinda McDaniel*, for appellee.

*Arnold, Grobmyer & Haley*, by: *Jacob Sharp, Jr.*, and *David H. Pennington*, for cross-appellant.

ROBERT H. DUDLEY, Justice. Jeffrey Cordell and his wife Susan filed suit on July 17, 1992, against Kenneth Nadeau, doctor of medicine, and John Spotts, doctor of pharmacy, in which they alleged that Nadeau and Spotts were guilty of negligence for improperly prescribing and filling prescriptions for Xanax and that Jeffrey Cordell had become addicted to the drug. They alleged that the prescriptions were authorized and filled from January 28, 1988, through July 20, 1990. The latter date, July 20, 1990, was within two years of the date suit was filed, July 17, 1992.

Dr. Nadeau filed a motion for summary judgment with an affidavit stating that, in fact, he had not treated Cordell since September 13, 1989, and as a result the statute of limitations for medical malpractice had run. *See* Ark. Code Ann. § 16-114-203 (1987). Jeffrey and Susan Cordell and pharmacist Spotts filed responses along with counter-affidavits stating that Dr. Nadeau wrote prescriptions or authorized refills through July 20, 1990, the date alleged in the complaint.

The trial court was not made aware that the Cordells and Spotts had filed counter-affidavits and, because of the "innocent but erroneous assertion" that no counter-affidavits had been filed, granted summary judgment on August 4, 1993. After various motions, the trial court, on August 26, 1994, declared that the order for partial summary judgment was a final and appealable order under ARCP Rule 54(b). The Cordells appeal, and John Spotts cross-appeals.

We first address Dr. Nadeau's contention that this appeal should be dismissed under ARCP Rule 60(b) because a trial court loses jurisdiction to correct a mistake or to prevent the miscarriage of justice after ninety days, and the order allowing appeal pursuant to Rule 54(b) was entered more than ninety days after the partial summary judgment was entered.

We have frequently held that a trial court loses jurisdiction to correct an error or mistake or to prevent the miscar-

riage of justice under Rule 60(b) ninety days after the entry of a judgment, decree, or order. *See, e.g., Griggs* v. *Cook,* 315 Ark. 74, 864 S.W.2d 832 (1993). In this case, however, the trial judge apparently realized that he could not set aside or modify the summary judgment because ninety days had passed since the date of entry of that order. As a result, the trial court ruled that the partial summary judgment, as originally entered, should be made an appealable order under Rule 54(b). Rule 54(b) expressly provides for the procedure as follows:

> When more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is *subject to revision at any time* before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The rule states that an order dismissing fewer than all of multiple parties can be revised at any time to provide that it is a final order for appeal purposes. Thus, we have jurisdiction and accept the appeal.

We now turn to the merits of the appeal. Appellants, the Cordells, and cross-appellant, Spotts, contend that the summary judgment should be set aside because material issues of fact remain to be tried. The argument is well taken. The trial court stated in the Rule 54(b) order that it granted the summary judgment under the "unusual circumstances" of the "innocent but erroneous assertion" by Dr. Nadeau's counsel that Spotts had failed to comply with an earlier order that he file a response to the motion for summary judgment. Consequently, the trial court erroneously assumed that neither the Cordells nor Spotts had met proof with proof and granted the motion. The assumption was

in error as there are material issues of fact remaining to be tried. Thus we reverse and remand for trial of those issues.

■ Appellants and cross-appellant, citing the "continuing treatment" case of *Lane* v. *Lane*, 295 Ark. 671, 752 S.W.2d 25 (1988), ask us to decide whether the continuing treatment in this case would extend the medical malpractice statute of limitations. We decline to answer the question. The issue has not yet been presented to, or determined by, the trial court in light of the disputed facts, and we will not give an advisory opinion. *City of West Memphis* v. *Burrows*, 319 Ark. 611, 893 S.W.2d 323 (1995).

Reversed and remanded.

BROWN, J., not participating.