Richard PERRYMAN and Mae Perryman *v.* Lee HACKLER

95-788                                             916 S.W.2d 105

Supreme Court of Arkansas
Opinion delivered February 19, 1996

502

*Thurman Ragar, Jr.*, for appellants.

*Bagby Law Firm P.A.* , by: *Philip A. Bagby*, for appellee.

DONALD L. CORBIN, Justice. Appellants, Richard and Mae Perryman, appeal and appellee, Lee Hackler, cross-appeals from the judgment of the Crawford County Chancery Court that found the contract of sale for real property between appellants as purchasers and appellee as seller to be usurious; awarded appellants $6,696.28, twice the amount of interest they paid; awarded appellee $6,224.52, comprised of $284.52 in principal accrued up to the time appellants defaulted and $5,940.00 in rent accrued after appellants defaulted; found that the net judgment in favor of appellants, $471.76, could be satisfied by allowing appellants to remain in possession of the property for twenty-two additional days; directed appellants to vacate the property no later than the twenty-second day; and ordered both sides to pay their own costs and attorneys' fees. This case presents questions about usury. Jurisdiction is therefore properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(13). We find no error and affirm.

## PROCEDURAL HISTORY

Pursuant to the contract at issue dated March 6, 1992, appellee sold to Paul and Tina Akin, Lot 145, Royal Oaks Addition to the City of Van Buren, Arkansas. The terms of the contract were a purchase price of $32,145.00, to be financed at twelve percent per annum with $500.00 down and monthly installments of $330.65 until liquidation of the debt. The contract stated it was not to be assigned without appellee's written consent, that failure to make any installments would result in forfeiture to appellee, and that upon forfeiture, the relationship of landlord and tenant would arise between appellee and the purchasers. The contract was signed by appellee, Paul Akin, and Tina Akin. On the reverse side of the one-page contract, on February 8, 1993, Paul and Tina Akin assigned all their "right, title, and interest in this contract over to Richard and Mae Perryman."

Appellants filed suit on May 9, 1994, claiming the contract was usurious and void as to interest due, seeking recovery of $13,853.58 as twice the total interest paid under the contract, seeking reformation of the contract to provide for monthly installments on the amount of principal owed, and seeking

restraint of appellee's actions against appellants for non-payment of rent.

Appellee moved to dismiss the complaint for failure to state facts upon which relief could be granted, arguing that usury is an affirmative defense rather than a cause of action, that, due to the lack of appellee's written consent, there was not a valid assignment of the contract from the Akins to appellants, that the Akins are necessary parties to this action, that there is a pending case between these parties in municipal court on appellee's complaint for unlawful detainer, and that appellants should respond in that court. The trial court denied the motion to dismiss, ruling appellants had stated sufficient facts to permit the court's denial of the motion.

After a bench trial in which the only witnesses were appellee and appellants, the trial court announced its ruling from the bench. The written judgment and decree was entered in accordance with that ruling. Appellants raise five points for reversal on direct appeal. Appellee, as cross-appellant, raises four points on cross-appeal should we reverse on direct appeal. We affirm on direct appeal and do not reach the contingent cross-appeal.

## STANDARD OF REVIEW

■ We review chancery cases *de novo*, and do not reverse the chancellor's factual findings unless they are clearly erroneous. *Lotz* v. *Cromer*, 317 Ark. 250, 878 S.W.2d 367 (1994). Chancellors have broad powers to fashion any remedy that is reasonable and justified by the proof. *Id*.

## DIRECT APPEAL

As their first point for reversal, appellants contend that, in addition to recovering twice the amount of interest they paid under the contract to appellee, they are also entitled to recover twice the amount of interest paid by their assignors, Paul and Tina Akin. Appellants cite Ark. Code Ann. § 4-57-107 (Repl. 1991) as giving an assignee of a contract standing to obtain relief from a usurious contract. Appellants also rely on *Bailey* v. *Commerce Union Bank*, 223 Ark. 686, 269 S.W.2d 314 (1954), a pre-Amendment 60 case which held that, pursuant to Act 39 of 1887, of which section 4-57-107 was a part, the defense of usury was not personal to the original borrower and could therefore be

raised by the borrower's assignee.

Appellants rely upon such authority in error. Section 4-57-107 was repealed by implication in 1982 by Amendment 60 to the Arkansas Constitution. *Henslee* v. *Madison Guar. Sav. and Loan Ass'n*, 297 Ark. 183, 760 S.W.2d 842 (1988). In addition, since *Bailey*, 223 Ark. 686, 269 S.W.2d 314, was based on Act 39 of 1887, later codified in part as section 4-57-107, *Bailey* is likewise not controlling here. We observe that, even if section 4-57-107 and *Bailey* were applicable to this case, they would not support appellants' argument that they are entitled to recover twice the interest paid by their assignors. Section 4-57-107 and *Bailey* provided nothing more than a rule of law establishing that an assignee has standing to sue for recovery of usurious interest paid under a contract that was assigned.

Although it is well-settled that an executory contract for the sale of land is assignable, Ark. Code Ann. § 4-5-102 (1987) and *Corcorren* v. *Sharum*, 141 Ark. 572, 217 S.W. 803 (1920), and that the assignor need not be a party, Ark. Code Ann. § 16-61-112 (1987), it is not the law that a cause of action for usury is assignable. *See National Fire Ins. Co.* v. *Pettit-Galloway Co.*, 157 Ark. 333, 248 S.W.2d 262 (1923). In short, appellants have cited no authority supporting their argument. Accordingly, we cannot say the trial court erred in limiting appellants' award to twice the amount of interest they paid.

While arguing this point in their brief, appellants contend that one who knowingly charges a usurious interest rate should not be allowed to "keep the fruits of his crime." Although Article 19, Section 13 of the Arkansas Constitution provides the General Assembly with authority to enact legislation providing punishment for one who knowingly charges a usurious rate of interest, the General Assembly has not done so. Appellee has accused appellants of libel regarding the "fruits of the crime" statements made in their brief and has requested sanctions from this court. We decline to do so. Appellee has cited no authority for this court to impose any sanctions on appellants concerning the contents of their brief. The only authority for sanctioning comments in a brief is when the comments are disrespectful to a trial court. Ark. Sup. Ct. R. 1-5.

The trial court found that the contract of sale terminated in

April 1994 due to appellants failure to make their installment payments, and thereupon reverted to a month-to-month lease pursuant to the following terms of the contract:

> And it is hereby further covenated [sic] and agreed by and between the parties hereto, that immediately upon failure to pay any of the installments above mentioned, or the annual interest on the balance, from year to year when due, all previous payments shall be forfeitured [sic] to the party of the First part, and the relation of landlord and tenant shall arise between the parties hereto, and in the event of failure or refusal of the Second party to deliver possession of said premises to the First party, after three days' notice and demand, in writing, for the same, the First party shall have the right to proceed by Writ of Possession, as in the cases of unlawful Detainer.

For their second point for reversal, appellants contend this finding was erroneous because the amount due them on their claim for usury offset any amount that was due under the contract for the period that they did not make payments. Testimonies from both appellants revealed that they continued to live in the house without making any payment to appellee from April 1994, one month prior to when the present suit for usury was filed, until January 1995, when the suit was tried. Appellants explain that their non-payment was an effort to mitigate damages by reducing the amount of interest they could recover as usuriously paid.

The short answer to this argument is that the current usury law only voids the contract as to "unpaid interest." Art. 19, § 13(a)(ii). As this court observed in *Henslee*, 297 Ark. 189, 760 S.W.2d 842, when distinguishing Amendment 60's change to the usury law, although former law voided the entire contract if it exceeded the maximum rate of lawful interest, "[t]he express intent of Amendment 60 is that the taint of usury voids the agreement only to the extent of unpaid interest[.]" *Id.* at 189, 760 S.W.2d at 845.

It is undisputed that appellants were in default when they filed suit. Therefore, the acceleration and forfeiture provision of the contract was triggered notwithstanding the usurious interest, and pursuant to the express terms of the contract, the landlord-tenant relationship arose. The trial court did not err in

concluding that the relationship of landlord-tenant existed pursuant to the terms of the contract.

■ As their third point for reversal, appellants contend the trial court erred in awarding appellee judgment for unpaid rent because, due to the amount of usurious interest paid by them under the contract, they did not owe appellee anything at the time suit was filed. This argument is entirely without merit. Appellants cite absolutely no authority that their right under Article 19, Section 13 to recover twice the interest paid arose without proceedings in law or equity. There was evidence to support the chancellor's finding that the fair rental value of the home was $330.00 per month. The chancellor awarded judgment to appellee based on twice that amount consistent with the unlawful detainer law. *See* Ark. Code Ann. § 18-60-309 (1987). On this record, we cannot say the chancellor was clearly erroneous in this regard.

As their fourth point for reversal, appellants challenge the chancellor's denial of their request to reform the contract to provide that the principal due be paid in equal monthly installments over the term of the contract. Appellants rely on *Lotz*, 317 Ark. 250, 878 S.W.2d 367, in which this court affirmed, as modified, the reformation of a usurious installment sales contract for real property. Appellant's reliance on *Lotz* is wholly misplaced. *Lotz* did not involve defaulting purchasers such as the present case does, and is therefore not controlling. In fact, the purchasers in *Lotz* continued to make payments under the contract even after they filed suit. In addition, there is no indication in *Lotz* that the contract terminated by operation of its terms such as in the present case.

■ Given the proof that appellants defaulted on their payments prior to their discovery of the usurious rate of interest, we cannot say the chancellor was clearly erroneous in concluding the contract for sale terminated by its own terms and in consequently denying appellants' request for reformation.

■ As their final point on direct appeal, appellants cite *Winn* v. *Chateau Cantrell Apartment Co.*, 304 Ark. 146, 801 S.W.2d 261 (1990), and request this court to alter the results of the case on *de novo* review. There are only two allegations made under this point that were not made previously: one, that this

court should set aside the writ of assistance entered in favor of appellee to assist him in taking possession of the property and issue a writ in favor of appellants; and two, that this court should award appellants their attorneys' fees and costs. Appellants' allegations are made succinctly, without convincing argument or citation to authority for the altered results requested. It is not apparent without further research that these arguments are well-taken; therefore, we do not consider them. *Thomson* v. *Littlefield*, 319 Ark. 648, 893 S.W.2d 788 (1995).

## CROSS-APPEAL

Appellee introduces his arguments on cross-appeal with the statement that this court disregard his cross-appeal if we find no error in the rulings on direct appeal. Therefore, consistent with appellee's request, we do not address the arguments raised on cross-appeal. *Farm Credit Bank* v. *Miller*, 316 Ark. 388, 872 S.W.2d 376 (1994); *John Cheeseman Trucking, Inc.* v. *Dougan*, 313 Ark. 229, 853 S.W.2d 278 (1993); *Kulbeth* v. *Purdom*, 305 Ark. 19, 805 S.W.2d 622 (1991).

The chancellor's judgment and decree is affirmed on direct appeal. The contingent cross-appeal is rendered moot consistent with appellee's request. *John Cheeseman Trucking*, 313 Ark. 229, 853 S.W.2d 278.