Teresa Ann COLE *v.* Allen LAWS, III,
and Laws and Murdoch, P.A.

01-1329 76 S.W.3d 878

Supreme Court of Arkansas
Opinion delivered June 6, 2002

[Petition for rehearing denied July 11, 2002.*]

---

* IMBER, J., not participating.

*Appellant, pro se.*

*Wright, Lindsey & Jennings LLP*, by: *Bettina E. Brownstein*, for appellees.

ROBERT L. BROWN, Justice. This is a legal malpractice case. Appellant Teresa Ann Cole is the former client of the appellees, Allen Laws, III, and his law firm, Laws and Murdoch, P.A. The two appellees will be referred to as Laws for purposes of this opinion. Ms. Cole appeals, *pro se*, the entry of partial summary judgment against her on her claim that Laws breached his fiduciary duty owed to her.[1]

The present appeal arises from litigation commenced approximately eight years ago. On October 6, 1994, Terry Cole filed for divorce from his wife, Teresa Ann Cole. In March 1996, after firing prior counsel, Ms. Cole hired Laws to represent her. On June 4, 1996, the day of the final hearing 6n the divorce complaint, the Coles entered into a property settlement agreement.

On that date, the Coles and their attorneys met to reach a final agreement on the distribution of marital property, which was composed primarily of the Coles' cattle ranch and livestock. According to Ms. Cole, the Coles' accountant valued the real property at $269,000 and the livestock at $80,000. Thus, she maintained that the ranch was worth a total of $349,000. There were other marital assets as well. However, this appeal deals solely with the division of the ranch and the livestock.

The Coles decided to enter into a property settlement agreement in which they would share equally in the marital assets. To reach this equal division, Terry Cole would buy Ms. Cole's interest in the ranch and livestock for half of the value. According to Ms. Cole, during the meeting, Terry Cole's lawyer began negotiations by using an erroneous figure of $189,000 as the value of the ranch. His attorney apparently reached this figure by mistakenly subtracting the value of the cattle from the value of the ranch,

---

[1] Teresa Cole obtained her law license in 2000.

instead of adding the two figures together. Again, the two figures added together amounted to $349,000. However, the value of the real property *less* the value of the cattle amounted to $189,000. Terry Cole's attorney used this erroneous lower figure throughout the meeting. It is Laws's alleged failure to correct this error that is the basis of this legal malpractice suit.

Terry Cole's attorney first used the $189,000 figure when he asked Ms. Cole and Laws if half of this figure would amount to $90,500. Laws was busy with another matter, according to Ms. Cole, so Ms. Cole answered the question by pointing out that half of $189,000 would be $94,500, not $90,500. Thereafter, the parties agreed to a property settlement agreement based on the erroneous figure. Later that same day, at the hearing on the divorce complaint, both parties testified that they were satisfied with the property settlement agreement. Specifically, Ms. Cole answered the chancellor's questions as follows:

> CHANCELLOR: You are aware — you are fully aware of the property settlement agreement entered in here today, is that correct; and, are you satisfied with it?
>
> Ms. COLE: Yes, sir.
>
> CHANCELLOR: Is there anything that we have not discussed in this property settlement agreement that needs to be discussed that may bring this matter back in here?
>
> Ms. COLE: No.
>
> CHANCELLOR: And are you satisfied with your attorney?
>
> Ms. COLE: Yes, sir.
>
> CHANCELLOR: Okay. I have advised you on what you're giving up, and we've gone — we've had numerous conversations about the assets and liabilities that were acquired during this marriage, is that correct?
>
> Ms. COLE: Yes.
>
> CHANCELLOR: Okay. You understand what your rights in this property, as well as your obligation under the debts are?
>
> Ms. COLE: Yes.

CHANCELLOR: Okay. Based on that you're still — you still think this is a good property settlement agreement in your best interest?

Ms. COLE: Yes.

Following this exchange, the chancellor approved the property settlement agreement and entered the divorce decree.

Ms. Cole averred that she did not realize the mathematical mistake until the next morning, on June 5, 1996. She immediately contacted Laws and told him about the error. Laws recognized the mistake as well, according to Ms. Cole, and on June 6, 1996, he filed a motion to set aside the property settlement agreement. On June 24, 1996, he filed an amended motion to set aside. The chancellor denied these motions. Ms. Cole appealed this denial, and the court of appeals affirmed the chancellor's decision in an unpublished opinion. *See Cole v. Cole* (Ark. App. No. CA 97-136 Dec. 17, 1997).

On May 28, 1999, Ms. Cole filed the present legal malpractice suit against Laws in which she alleged three theories of liability: negligence, breach of contract, and breach of fiduciary duty. She asserted in her action that she was pressured into a quick settlement by Laws. She further asserted that she tried to verify the numbers herself, but that she had difficulty doing so because Laws was talking to Terry Cole at the time when she was trying to do the mathematics. She also asserts that the chancellor pressured the parties to reach the agreement, which was finalized just before the hearing. She contends in her complaint that Laws should have discovered the mathematical mistake, and his failure to do so amounted to breach of fiduciary duty as well as breach of contract and negligence.

Laws moved for summary judgment on all three claims made in Ms. Cole's complaint. The trial court granted Laws's motion on the breach-of-fiduciary-duty count on March 23, 2000, but allowed the other two counts, breach of contract and negligence, to be tried to a jury. Following the trial, the jury returned a verdict in Laws's favor on both counts, and judgment was entered on July 16, 2001. Ms. Cole appeals from the entry of partial summary judgment on March 23, 2000, but not from the judgment in

Laws's favor respecting the breach-of-contract and negligence counts.

## I. Laws's Alleged Procedural Bars

Laws raises two procedural bars to our consideration of the merits of this case. First, he contends that the notice of appeal was untimely. Secondly, he urges that the summary-judgment order appealed from was not a final, appealable order for purposes of Ark. R. Civ. P. 54(b). Neither of these arguments has merit.

Laws first argues that the notice of appeal was untimely. He points to the fact that the appeal was taken solely from the trial court's March 23, 2000 order of partial summary judgment on breach of fiduciary duty. Thus, Laws argues, Ms. Cole's notice of appeal dated September 12, 2001, was untimely under Ark. R. App. P.—Civ. 4(a), which requires the notice of appeal to be filed within thirty days of the entry of the order appealed.

■ Ms. Cole correctly counters with the fact that this argument has already been decided by this court, since we previously denied a motion to dismiss this appeal which raised the same issue of the lack of a timely notice of appeal. But more importantly, had Ms. Cole filed her notice of appeal after entry of the March 23, 2000 order granting partial summary judgment, the appeal would have been premature under Ark. R. Civ. P. 54(b), because that order appealed from did not resolve all claims involving all parties. *See, e.g., Hambay v. Williams*, 335 Ark. 352, 980 S.W.2d 263 (1998) (order granting partial summary judgment not a final appealable order under Rule 54(b)); *Cordell v. Nadeau*, 321 Ark. 300, 900 S.W.2d 556 (1995) (order granting partial summary judgment was a final appealable order only because trial court certified the order pursuant to Rule 54(b)). In the case before us, the trial court did not certify the partial summary judgment as appealable pursuant to Rule 54(b). Thus, Ms. Cole's decision to wait to appeal until entry of a final judgment was correct. At that time, all claims involving all parties had been resolved.

## II. Summary Judgment

Ms. Cole's first argument is that the trial court erred in granting summary judgment on the fiduciary-duty issue as a matter of law. She asserts a number of legal points to support this allegation of error. Each point will be taken up individually, but several of her issues will not be addressed on the merits due to her failure to preserve those arguments for appeal by obtaining rulings from the trial court. *Sturgis v. Skokos*, 335 Ark. 41, 997 S.W.2d 217 (1998); *Morrison v. Jennings*, 328 Ark. 278, 943 S.W.2d 559 (1997); *Technical Serv. of Ark., Inc. v. Pledger*, 320 Ark. 333, 896 S.W.2d 433 (1995).

### a. Reliance on Ms. Cole's testimony at the divorce proceeding

She first asserts that the trial court erred as a matter of law if it relied on her testimony at the divorce hearing to find that she acquiesced in the mathematical mistake. Her theory is that reliance on this testimony constitutes an error of law because the testimony was taken before she realized the mistake. She devotes, however, a meager two sentences to this argument in her brief and cites no authority to support her contention that the trial court's decision should be reversed on this basis. We will not address this argument due to her failure to obtain a ruling on this matter from the trial court, and, further, due to the fact that the argument is not supported by citation to authority. *See Cadillac Cowboy v. Jackson*, 347 Ark. 963, 69 S.W.3d 383 (2002) (citing *Hart v. McChristian*, 344 Ark. 656, 42 S.W.3d 552 (2001); *Perryman v. Hackler*, 323 Ark. 500, 916 S.W.2d 105 (1996); *Thomson v. Littlefield*, 319 Ark. 648, 893 S.W.2d 788 (1995)).

### b. The chancellor's affidavit

The chancellor in the divorce matter signed an affidavit in support of Laws's motion for summary judgment that he was of the opinion that Ms. Cole had not made a mathematical mistake and that she was a woman who had merely changed her mind. Ms. Cole claims that it was error for the judge to rely on this affidavit in granting partial summary judgment on the fiduciary-duty claim and further that the chancellor inappropriately charac-

terized her actions. This argument was not made to the trial court, and we will not consider it for the first time on appeal for the reasons stated above.

### c. Court of Appeals' opinion

Ms. Cole also urges that the trial court erred in granting partial summary judgment because he relied on the Court of Appeals' decision in *Cole v. Cole*. There was no ruling obtained on this argument as well, and we will not address it.

### III. Breach of Fiduciary Duty

Under her point that the trial court erred in entering partial summary judgment against her on the fiduciary-duty issue, Ms. Cole includes two subpoints and a total of eighteen subheadings. Those various subpoints and subheadings can be distilled down to three points:

- Her claim that Laws breached his fiduciary duty owed to her should have gone to the jury;

- Laws is liable to her because he breached a duty to follow the marital property statute, Ark. Code Ann. § 9-12-315 (Repl. 2002);

- Laws is liable to her because he "failed to disclose" the error in the property settlement agreement.

Only the first argument was presented to the trial court. Hence, that is the only argument we will address.

The appropriate standard of review when reviewing a grant of summary judgment has often been announced by this court:

> We have repeatedly held that summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *George v. Jefferson Hosp. Ass'n, Inc.*, 337 Ark. 206, 987 S.W.2d 710 (1999); *Pugh v. Griggs*, 327 Ark. 577, 940 S.W.2d 445 (1997). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the

existence of a material issue of fact. *Id.* On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material fact unanswered. *Id.* This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Adams v. Arthur,* 333 Ark. 53, 969 S.W.2d 598 (1998); *Pugh,* 327 Ark. 577, 940 S.W.2d 445. Our review is not limited to the pleadings, as we also focus on the affidavits and other documents filed by the parties. *Wallace v. [Broyles],* 331 Ark. 58, 961 S.W.2d 712 (1998); *Angle v. Alexander,* 328 Ark. 714, 945 S.W.2d 933 (1997). After reviewing undisputed facts, summary judgment should be denied if, under the evidence, reasonable men might reach different conclusions from those undisputed facts. *George,* 337 Ark. 206, 987 S.W.2d 710.

*Worth v. City of Rogers,* 341 Ark. 12, 20, 14 S.W.3d 471, 475 (2000). *See also* Ark. R. Civ. P. 56(c)(2).

 An attorney owes a client a fiduciary duty of undivided loyalty. *Norfleet v. Stewart,* 180 Ark. 161, 20 S.W. 868 (1929). Breach of fiduciary duty involves betrayal of a trust and benefit by the dominant party at the expense of one under his influence. 36A *C.J.S., Fiduciary,* pp. 388-389 (1961). Recently, this court set out the various aspects of the fiduciary relationship:

> [A] person standing in a fiduciary relationship may be held liable for any conduct that breaches a duty imposed by the fiduciary relationship. *Long v. Lampton, supra.* It follows that, regardless of the express terms of an agreement, a fiduciary may be held liable for conduct that does not meet the requisite standards of fair dealing, good faith, honesty, and loyalty. *See Berry v. Saline Memorial Hosp.,* 322 Ark. 182, 907 S.W.2d 736 (1995); *Texas Oil & Gas Corp v. Hawkins Oil & Gas, Inc.,* 282 Ark. 268, 668 S.W.2d 16 (1984); *Yahraus v. Continental Oil Co.,* 218 Ark. 872, 239 S.W.2d 594 (1951). The guiding principle of the fiduciary relationship is that self-dealing, absent the consent of the other party to the relationship, is strictly proscribed. *See Hosey v. Burgess,* 319 Ark. 183 890 S.W.2d 262 (1995).

*Sexton Law Firm, P.A. v. Milligan,* 329 Ark. 285, 298, 948 S.W.2d 388, 395 (1997). Self-dealing breaches the fiduciary duty even

when the action taken is innocent and unintentional. *Hosey v. Burgess*, 319 Ark. 183, 890 S.W.2d 262 (1995).

The pivotal question therefore becomes whether, under the undisputed facts surrounding the June 4, 1996 meeting, Laws engaged in self-dealing. From our reading of the allegations, Ms. Cole asserts that Laws was sloppy, careless, and hurried on the morning when the property settlement agreement was finalized and that he made a mistake. Further, she claims that through his body language and his demeanor, he implicitly put pressure on her to sign the property settlement agreement. In so doing, she maintains that he put his own interest in reaching an agreement, and the chancellor's interest in having a timely hearing, above her interest, which was to get a full and fair property settlement agreement.

Despite these contentions, we fail to discern any proof that Law's action amounted to self-dealing. It is true that Laws acquiesced in what is alleged to be a mistake to the detriment of his client. That allegation falls more readily into the category of negligence, and the jury returned a verdict in Laws's favor on this claim. However, at no time is it alleged that Laws attempted to procure assets for himself or obtain any benefit for himself at the expense of Ms. Cole. Nor did he bargain with an opposing party in order to make a personal gain. In fact, the undisputed facts give no indication whatsoever that Laws engaged in self-dealing on the day the property settlement agreement was agreed to. We cannot say that Laws's interest in obtaining a property settlement agree-ment for his client amounted to self-dealing or that the trial court erred in entering summary judgment in Laws's favor.

### IV. *Prejudice To Subsequent Trial*

In this point, Ms. Cole challenges the jury's verdict by arguing that the jury trial itself was tainted by the trial court's prior entry of partial summary judgment on the fiduciary-duty claim. This argument, however, is directed to the jury trial and the judgment resulting from the jury trial, and that judgment is not the subject of this appeal. The only order contested on appeal is the order of partial summary judgment. Clearly, this court will

not set aside a judgment which is not the subject of the appeal. That is the reason we require a designation of the order appealed from in the notice of appeal as well as the relevant designation from the record. *See* Ark. R. App. P.—Civ. 3(e) (requiring designation of order appealed and portions of the record on appeal); *Newton County v. Davidson*, 289 Ark. 109, 709 S.W.2d 810 (1986). Moreover, were we to hold, as Ms. Cole urges, that jury trials held subsequent to an order of partial summary judgment are cast into doubt, the result would be to effectively halt the use of partial summary judgments, which we are not inclined to do. This point is meritless.

Affirmed.

IMBER, J., not participating.